## SPURGIN *v.* MCPHEETERS.

BILL OF EXCHANGE.—A. sued B. upon the following instrument:

" Mr." B :

" Sir, Please pay to " A. " or order the sum of one hundred and nineteen dollars on said bill of 1¾ in. lumber, and oblige the firm of "

[SIGNED.]                                                             C. & Co.

" I accept."            [SIGNED.]                                  B.

*Held*, that the instrument possessed all the characteristics of a bill of exchange, and the action was by the payee against the acceptor.

SAME.—*Pleading.*—*Evidence.*—Allegations and evidence of matters in contradiction of the written instrument were inadmissible.

SAME.—*Consideration.*—The consideration of a bill of exchange may be inquired into, or a set-off pleaded, by the drawer against the payee, by the payee against the indorsee, and by the acceptor against the drawer. · But this can not be done as between the payee and acceptor.

SAME.—*Accommodation Bill.*—It is no defence or bar to an action by the payee against the acceptor of a bill of exchange, that the bill was known to the holder to be an accommodation bill between the other parties.

SAME.—*Consideration.*—An allegation, that the holder of a bill of exchange did not part with any money or property on the faith of the bill, is not a sufficient reason why he should not recover on it. The discharge of a pre-existing debt of the drawer is sufficient.

APPEAL from the Putnam Common Pleas.

DOWNEY, J.—Suit by McPheeters against Spurgin on the following instrument:

" GREENCASTLE, IND., Aug. 22d, 1870.

" Mr. D. M. Spurgin:

" Sir, Please pay to Jesse McPheeters, or order, the sum of one hundred and nineteen dollars on said bill of 1¾ in. lumber, and oblige the firm of

" GEO. W. HINTON & Co."

and the acceptance thereof, as follows:

" I accept.   D. M. SPURGIN."

In the complaint, the instrument is called an order, and it is alleged that the defendant fails and refuses to pay the same, although payment thereof has been demanded of him.

Spurgin pleaded that he made the indorsement on the order named in the plaintiff's complaint, but he avers that

at the time of making the same the said drawers of said order, Geo. W. Hinton & Co., were indebted to the plaintiff in the sum of $119.44; that the plaintiff did not part with any money or property on the faith of said order; and that said firm was then, and the individual members of said firm, to wit, Richard H. Carrington, George W., Hinton, and —————— McDonald, then were, and ever since have been, and now are, notoriously insolvent; that at said time the said firm of George W. Hinton & Co. had a contract with the defendant to saw and deliver to him a bill of 1¾ in. poplar lumber, the same to be delivered on the cars on the Indianapolis and St. Louis Railroad, in Greencastle, in said county, and to be paid for by defendant when 30,000 feet of said lumber was so delivered, and not until then; that the order was drawn with reference to said contract, and no other; that plaintiff, at the time, had full knowledge as to said contract, and that said order had reference thereto; that at the time of defendant's said indorsement on said order, he was not indebted to said firm of Geo. W. Hinton & Co. in any sum of money, which was well known to plaintiff; and that at no time since has he been indebted to said firm in any sum of money; that his said acceptance was with reference to said contract and thereunder, and that the same was a promise to pay the plaintiff the sum of money named therein, when, under said contract for 1¾ in. poplar lumber so to be sawed and delivered by said firm to the defendant, the defendant should become indebted therefor to said firm in said sum; that the same was so expressly understood and agreed at the time of said indorsement; and that the plaintiff received and accepted said order as aforesaid with full knowledge that the defendant was not then indebted to said firm of Geo. W. Hinton & Co.; and that defendant had contracted and agreed to pay said sum of money in said order named, only when said firm delivered to him under said contract said 1¾ in. poplar lumber, in value to the amount named in said order; and that plaintiff received and accepted said

order with full knowledge of the terms of said contract as aforesaid with reference to said order. As to fifteen dollars paid on the order by the defendant, he alleges that it was advanced to the plaintiff at his request as a loan and accommodation to him, and not as a payment on said order or on any indebtedness to said firm. It is alleged that said firm of Geo. W. Hinton & Co. failed and refused to deliver said lumber or any part of it on said contract, after the execution and acceptance of said order; wherefore, etc.

The plaintiff demurred to this paragraph of the answer, on the ground that the same did not state facts sufficient to constitute a defence to the action. The demurrer was sustained, the defendant refused to answer over, and thereupon there was final judgment for the plaintiff.

The ruling of the court on the demurrer to the first paragraph of the answer is the only action of the court of which complaint is made in the assignment of errors.

If the action was between Geo. W. Hinton & Co. and Spurgin, the facts alleged would show a set-off, or that there was no consideration for the promise, or that the consideration for the promise had failed. But the promise being from Spurgin to McPheeters, and the action being upon that promise, different considerations must govern in the decision of the question. The instrument which is the foundation of the action possesses all the characteristics of a bill of exchange. The action is by the payee against the acceptor. Are the facts alleged a good defence in such a case? Some of the allegations of the answer seem to us to set up and rely upon matters which are in contradiction of the written instrument and therefore inadmissible. Such is the allegation that the order was accepted with reference to the contract, and that the same was a promise to pay the plaintiff said sum of money when that amount became due under the contract, and that this "was expressly understood and agreed at the time of the indorsement." All such matters in the paragraph are wholly inadmissible either in the

allegations or proofs. The consideration of a bill of exchange may be inquired into or a set-off pleaded by the drawer against the payee, by the payee against the indorsee, and by the acceptor against the drawer. Story Bills, sec. 187. But this can not be done as between the payee and the acceptor. It seems to us that all that is shown in the answer in the case under consideration is, that Spurgin accepted the order or bill for the accommodation of the drawer, and that this fact was known to McPheeters. It is no defence or bar that the bill was known to the holder to be an accommodation bill between the other parties, if he takes it for value, *bona fide*, before its maturity. Story Bills, sec. 191. That the holder did not part with any money or property on the faith of the bill is no reason why he shall not recover on it. *McKnight* v. *Knisely* 25 Ind. 336. If it was taken by McPheeters in discharge of a pre-existing debt of the drawers, that is sufficient to protect him. The allegation of the insolvency of the drawers is no reason why the acceptor should not pay. The defence of set-off, if that was intended to be the nature of the defence set forth in the answer, is not admissible as between the payee and acceptor. We are of the opinion that the paragraph of the answer is bad, and that the demurrer to it was therefore properly sustained.

The judgment is affirmed, with costs.

*S. Turman* and *J. Birch*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellee.