Magnus Hillstrom and another *vs.* Henry S. Anderson and another.

June 29, 1891.

Bill of Exchange Specifying Consideration or Application.—An order for the payment of a sum certain to a third person is none the less a bill of exchange because it shows on what account it is to be applied, or the consideration which has been received.

Same—Instrument Construed.—An order directing the drawee to pay to payee or order ".the two hundred and fifty dollars due us by you on account of cash paid for repairing engine, and this will be receipt in full of all demands of us," *held* a draft or inland bill of exchange.

Action brought in the district court for Chippewa county, by plaintiffs, partners as Hillstrom & Doyle, against defendants, partners as Anderson Bros., upon the following instrument, drawn by defendants and delivered for value to the plaintiffs, the payees; the complaint alleging due presentment, demand, non-payment, and notice thereof.

"Minneapolis, Minn., Sept. 20, 1887.

"A. McKinnon, Red Wing, Minn.:

"Please pay to Hillstrom & Doyle, or order, the two hundred and fifty dollars ($250.00) due us by you on account of cash paid for repairing engine, and this will be receipt in full of all demands of us.

"Anderson Bros."

A demurrer to the complaint was sustained by *Powers,* J., and the plaintiffs appealed.

*Jones & MacLaren,* for appellants.

*Smith & Fosnes,* for respondents.

VANDERBURGH, J. It is essential to a bill of exchange that it be for a sum certain, payable in money absolutely, and not contingently or out of a particular fund, but generally. An order directing the payment of money out of the funds of the drawer in the hands of the drawee is therefore not a bill of exchange. But an order drawn by a creditor upon his debtor for the payment of money is not to be held payable out of a particular fund because it is recited in the order that the payment will be in consideration or in payment of the indebtedness. Thus, in *Wells* v. *Brigham,* 6 Cush. 6, the order was in the following form: "Mr. Brigham—Dear Sir: You will please pay E. W. $30, which is due me for the two-horse wagon bought last spring; and this may be your receipt." The court held that the order had all the essentials of a bill of exchange, and the fact that it indicated a debt due from the drawee as the consideration between the parties did not make it any less a cash order or draft. *Defee* v. *Smith,* 43 Ark. 221; *Pierson* v. *Dunlop,* Cowp. 571; *Rice* v. *Ragland,* 10 Humph. 545. In the case at bar the order directs the drawee to pay to the plaintiffs or order "the two hundred and fifty dollars due us by you on account of cash paid for repairing engine, and this will be receipt in full of all demands of us." It does not differ in substance from the order in *Wells* v. *Brigham.* It is for a sum certain in each case. It is not material that it is described or identified as the amount of the debt due from the drawee. It merely shows to what account it is to be applied, or what is the value which has been received. Story, Bills, § 47. It does not indicate an intention to transfer or assign to the payees the amount of a debt, more or less, but fixes a definite sum, which is ordered paid. The defendants undertake to draw for that sum absolutely, and should be held to occupy the position and to have assumed the responsibility of drawers. It is not material whether it is defined as the particular sum "due us," or a sum "which is due us." In either case it is a definite sum, payable in money absolutely, in settlement of the debt mentioned,

and the order could only be satisfied by the payment of that sum. The action appears, therefore, to have been properly brought against the defendants upon the order.

Order reversed, and case remanded to the district court for further proceedings.