LINDSLEY H. SHEPARD *vs.* EDWARD M. ABBOTT.

Suffolk.    January 9, 1901. — June 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Order,* Acceptance, Construction.    *Agency.*

The defendant, a real estate agent, procured for one H., who wished to build a house on a certain lot, a building loan and mortgage for $10,500.  The mortgagee advanced under the mortgage $4,500 to the mortgagor, and $6,000 to the defendant. This sum the defendant deposited in a bank in his name as trustee, and drew checks upon it signed as trustee with which he made payments on account of the mortgagor for building materials, lumber and otherwise.  H. delivered to the plaintiff, a lumber dealer, an order on the defendant to pay for lumber.  The defendant accepted it in the words "Accepted as I am conveyancer for the mortgagee of Lot 5, Lancaster Terrace" and inserted a similar description after his name in the body of the order.  The order contained the words "Charge the same to the $1,800 payment" and also the words "Said order to be paid on or before November 1st, '99."  The $1,800 payment referred to was the last payment to be made upon the building contract and did not become due until after November 1, 1899, and after the date of the writ.  The defendant when he accepted the order had in his hands enough of the trust fund to discharge the obligation.  In an action on the order, it was *held,* that the defendant was not an agent of the mortgagee but a trustee holding funds of the mortgagor to be applied to the building of the house, and by his acceptance bound himself personally.  Whether the words inserted by the defendant in the order, after its execution by the drawer, and the language of the acceptance, limited the defendant's liability to the amount of the trust fund in his hands, was not considered, as he had ample funds in his hands at the time.  *Held, also,* that the direction to "Charge the same to the $1,800 payment" merely indicated to what sum as between the drawer and acceptor the payment of the order should be charged, and that the defendant by his acceptance was bound to pay the order by November 1, 1899, at the latest.

CONTRACT on an order accepted by the defendant to pay the plaintiff the sum of $993.83 on or before November 1, 1899. Writ dated May 26, 1900.

At the trial in the Superior Court, before *Hopkins,* J., the following facts appeared.  The order sued upon was as follows:

" Brookline, July 24, 1899.　E. M. Abbott, Esq., As he is Conveyancer for Lot ♯5 Lancaster Terrace, Brookline, Mass.　Dear Sir, — Please except [*sic*] and pay to Shephard, Farmer & Co. the sum of $993.83, nine ninety-three 83/100 dollars, the above being the amount of Bill for Lumber furnished by said firm in full for Lot 5 Lancaster Terrace, Brookline, and charge the same to the $1,800 payment, said order is as per agreement of order furnished by me, and charge the same to my account.　Respectfully, Charles T. Hill.　Said order to be paid on or before November 1st, '99."

The following was indorsed upon the back of the order: " Boston, July 24/1899.　Accepted as I am conveyancer for the mortgagee of Lot ♯5, Lancaster Terrace, Brookline, Mass. Edward Miles Abbott, Conveyor."

There was testimony in behalf of the plaintiff tending to show that before July 11, 1899, the plaintiff had been requested to furnish lumber to Charles T. Hill, the maker of the order; that on July 11, 1899, the plaintiff wrote to the defendant the following letter: " Dear Sir, — Under the agreement that you would guarantee that we would be paid for same, the late Mr. O. B. Hill placed with us an order for lumber as follows: [Specifications.]　All this lumber will come to about $900.　One car of the spruce dimension is now on the way to Boston, and will be ready for teaming to the job some day this week, but before making such delivery, we must have from you a writing to the effect that we shall be paid for this lumber sometime before November 1, 1899, with interest after 30 days from time of delivery, the time of such payment, either in one or two instalments, to be agreed upon between the parties interested."

That on the receipt of this letter the defendant telephoned to the plaintiff, that it was all right; that no lumber was shipped to Hill until after the receipt of that message; that between the time of the receipt of that message and July 24, 1899, the plaintiff furnished to Hill lumber to the value of about $210.46, and that the balance of his bill to the amount of the order was for lumber furnished after the acceptance of July 24, 1899; that on July 24, 1899, one Packard, acting for and on behalf of the plaintiff, presented to the defendant the order dated July 24, 1899; that before accepting it, the defendant wrote in the words

after his name, "as he is conveyancer for lot No. 5, Lancaster Terrace, Brookline, Mass.," and then wrote and signed the acceptance indorsed on the back of the order; that subsequently the defendant gave the letter of July 11, 1899, to Packard and requested him to go to the premises and check up the lumber; and that the plaintiff on February 1, 1900, had been paid upon account of the order by the defendant the sum of $400 by a check upon the National Bank of the Republic, signed "Edward Miles Abbott, Trustee."

The defendant admitted that he signed the acceptance on the back of the order. The defendant further testified, under objections on the part of the plaintiff's counsel, and under a ruling of the judge that the same might be admitted *de bene*, as follows: That he was a real estate agent and insurance broker, and that he had no interest whatever in either lot No. 5 Lancaster Terrace, Brookline, or the building thereon; that on or about May 15, 1899, O. B. Hill, now deceased, father of Charles T. Hill who signed the order, applied to the defendant to procure a loan of $10,500 on the lot No. 5, and on a proposed building to be erected at a cost of $11,000 above the land; that he then negotiated with one William E. Stowe to advance to Hill the sum of $10,500, and thereafter, on May 25, 1899, Elmina D. Hill, in her own right, and Charles T. Hill, her husband, executed and delivered to Stowe, a mortgage on lot No. 5 Lancaster Terrace, and it was recorded in Norfolk Deeds on July 18, 1899; that thereafter the $10,500 was paid over by Stowe, the mortgagee, as follows: $4,500 to the mortgagor, and $6,000 to the defendant; that of the sum of $6,000 paid over to the defendant, he paid out for and on account of the mortgagor for building material, lumber and otherwise, the sum of $5,915; that there was now in his hands, out of the moneys advanced to him by Stowe, the sum of $85 and no more; that the funds so advanced to him were deposited in the National Bank of the Republic, in the name of Edward Miles Abbott, trustee, and were paid out by checks signed "Edward Miles Abbott, Trustee"; that the defendant paid to the plaintiff on February 1, 1900, $400, by a check on the National Bank of the Republic in the sum of $400, and signed "Edward Miles Abbott, Trustee." The defendant was asked by the judge if he had authority to sign

the acceptance in the form in which it was signed and delivered, and answered that he did not know. He further stated, however, that he had from time to time paid out money on bills, and had paid other orders executed in the same form, and that Stowe had made no objection thereto. The defendant further testified under objection, the evidence being admitted *de bene*, that before signing the order, the plaintff's agent had informed him that Hill had applied for lumber, and he understood that the funds would be furnished through the defendant's office; that the defendant replied that the funds were placed there by the mortgagee; that he was not personally responsible; that as the funds were placed in his hands, he could pay them, but in no other way; that it could be paid through his office only as he was furnished with funds..

The defendant further testified, that the $1,800 payment referred to in the order was the last payment due upon the building contract, and did not become due and payable under the terms of that contract until the house was fully completed and ready for occupancy; that the house was not completed on November 1, 1899, nor was it completed at the time of the trial in the following respects, among others: The papering was not done; the gas fixtures were not in; the grading was not done; and the walks were not laid; and that it would cost about $800 to complete the building, and make it ready for occupancy as required by the contract. The defendant was asked by his counsel whether he ever intended to bind himself personally on the acceptance, the defendant's counsel intending to show that the defendant never had any such intention. The judge excluded the question, and the defendant excepted.

Upon cross-examination the defendant testified, that he did not know that he ever told the plaintiff the name of the mortgagee; that he had been paid a commission by Charles T. Hill for his work in connection with the mortgage and transaction; that he had been paid nothing by Stowe, the mortgagee, and was to be paid nothing by him; that he did not consult the mortgagee about signing the acceptance in suit; that after accepting the order in question he accepted other orders in favor of people having claims for work or materials furnished for the

house, and had paid them; that his account at the National Bank of the Republic stood in the name of "Edward Miles Abbott, Trustee"; that before and since this transaction he had other funds in that bank in that account; that the mortgagee himself paid some bills contracted in connection with the erection of the building which were to be considered as advances on account of the mortgage. In rebuttal the plaintiff testified that he never knew who the mortgagee was, until the trial. William E. Stowe, the mortgagee, testified, that he had paid upon the mortgage, either by giving cash to the defendant or by paying bills contracted in the erection of the house, at least $10,500.

At the conclusion of the evidence, the judge struck out all the evidence admitted *de bene*, and the defendant excepted; and thereupon the plaintiff asked the judge to direct a verdict for the plaintiff for the amount of the order, less the sum of $400 paid on February 1, 1900.

The defendant asked the judge to rule as follows: 1. Upon the evidence, the action cannot be maintained. 2. There is a variance between the declaration and the proof in that the declaration alleges a personal obligation of the defendant, while the acceptance shows that any promise made by him was made in a representative capacity. 3. The acceptance declared on, being a simple contract, oral evidence is competent to charge the defendant's principal. 4. The acceptance not being negotiable, the rule applicable to commercial paper does not apply, and it is immaterial that Mr. Stowe is not named in the acceptance, or whether he is or not liable thereon. The question is whether or not the defendant has used apt words to bind himself personally. 5. If the defendant was without authority to make the acceptance so as to bind his principal, Mr. Stowe, the mortgagee of the lot in question, then the plaintiff's remedy is by an action of tort for false representations. 6. In order to recover, the burden is upon the plaintiff, to show by a fair preponderance of the evidence that the defendant has in his hands, in his capacity as agent or conveyancer for Mr. Stowe, the mortgagee of the lot in question, sufficient funds to pay the acceptance declared on in this action, and that the $1,800 payment referred to in the acceptance had become due. 7. If the defendant had authority from the mortgagee to make the acceptance in the form in which it was

made, this action cannot be maintained, and the burden is upon the plaintiff to show the want of such authority.

The judge declined to make the rulings, and ruled, that if the defendant signed the indorsement on the back of the order, he was personally liable. The defendant thereupon excepted to the ruling of the judge, and to his refusal of the defendant's requests for instructions.

The jury returned a verdict for the plaintiff; and, at the request of the defendant, the judge reported the case for the consideration of this court. If the above rulings and refusals to rule were correct, judgment was to be entered upon the verdict; otherwise a new trial might be had or such order made as justice might require.

*A. M. Lyman,* for the defendant.

*F. H. Williams & F. M. Copeland,* for the plaintiff.

BARKER, J. The case comes up by a report after a verdict for the plaintiff, and by the terms of the report if the rulings and refusals to rule stated in it are correct, judgment is to be entered upon the verdict, otherwise a new trial may be had or such order made as justice may require. Both parties must be taken to have assented to the terms of the report, and we are of opinion that, whether all the rulings and refusals to rule were correct or not, there should be judgment on the verdict.

1. The mortgagee had paid over the whole sum of $10,500 for which the mortgage was given, $4,500 of it to the mortgagor directly and $6,000 to the defendant. In receiving and disbursing the $6,000, the defendant was in no sense the agent of the mortgagee, but was simply a trustee holding funds of the mortgagor and charged with the duty of seeing that the $6,000 was applied to the building of the house for which the lumber mentioned in the order was furnished by the plaintiff. In administering the trust he might make himself liable to the mortgagee, but could not render the mortgagee liable to third persons. Such contracts as he chose to make with third persons in administering his trust he alone was liable upon; at least to the extent of the trust fund. We need not inquire whether the language of the order as he saw fit to change it after it was signed by the maker and delivered to the plaintiff, and the language of the acceptance, limited the defendant's liability to the amount of the trust fund in his hands,

because it is conceded that the fund was much larger than the amount of the order, and that after accepting the order he has accepted and paid other orders, and he does not contend that when he accepted this order there was not in his hands enough of the trust fund to discharge the obligation which he assumed by his acceptance. The legal construction of the order in view of the circumstances under which it was given being that the defendant contracted as a trustee and not as an agent the rulings requested upon the law of agency were inapplicable and were properly refused. The final exclusion of the evidence introduced *de bene* by the defendant did him no harm, because it showed that he acted merely as a trustee, and with ample funds to meet the order, and not as an agent.

2. The remaining question is whether the language of the order "and charge the same to the $1,800 payment" made the payment of the order by the defendant as acceptor conditional upon the becoming due of the $1,800 payment. But the order itself contained not only an additional general direction by the drawer to charge the same to his account, but the words "Said order to be paid on or before November 1st, '99." In our opinion the legal construction of the order is that it was to become due and be paid on the date given, and that the direction to "charge the same to the $1,800 payment" merely indicates to what sum as between the drawer and acceptor the payment of the order should be charged. The defendant was not to receive the $1,800 payment, but was to make it and out of funds already in his own hands as trustee, and by his acceptance was bound to pay the order by November 1, 1899, at the latest.

*Judgment on the verdict.*