THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS,
v. GEORGE W. LIGHTNER.

No. 14,765.  (88 Pac. 59.)

SYLLABUS BY THE COURT.

NEGOTIABLE INSTRUMENTS—*Payment Not Conditional.* The following order is a negotiable bill of exchange, payable absolutely on demand:

"HUTCHINSON, KAN., August 10, 1903.

*"G. W. Lightner, Offerle, Kan.:*

"DEAR SIR—Pay to the order of the First National Bank of Hutchinson, Kansas, $1500, on account of contract between you and the Snyder Planing-mill Company.

THE SNYDER PLANING-MILL COMPANY,

*Per* J. F. DONNELL, *Treasurer.*

"Accepted: G. W. LIGHTNER."

The words "on account of contract between you and the Snyder Planing-mill Company" are not a direction to charge a particular fund, but merely indicate the fund to which the drawee is to look for reimbursement.

Error from Edwards district court; CHARLES E. LOBDELL, judge. Opinion filed December 8, 1906. Reversed.

STATEMENT.

THE First National Bank of Hutchinson brought this action against George W. Lightner. Two causes of action are declared upon in the petition: The first, upon a check for $1000, drawn in favor of the bank by defendant; the second, upon an order for $1500, drawn by the Snyder Planing-mill Company upon the bank, and accepted by defendant. It was alleged that the $1000 check was given by defendant to take up an order for that amount which was drawn upon the bank by the planing-mill company about the same time the other order was drawn and which likewise had been accepted by defendant; that both orders and the check were acquired by the bank in the regular course of business for value; and that payment had been refused upon both the check and the order.

The answer admitted the acceptance of the orders and the making and delivery of the check, but alleged that the orders were non-negotiable and were nothing more than a mere assignment of the rights of the Snyder Planing-mill Company to payment for the erection of a barn when the same should be completed according to the terms of a written contract made by the defendant with the company; that soon after the orders were accepted the planing-mill company became, and still was, insolvent, and had failed to complete its contract; that defendant had been compelled to complete the barn himself, at considerable loss; and admitted a balance due upon the contract very much less than the amount of the two orders, which defendant averred a willingness to pay.

The cause was tried to the court without a jury. The court made the following special findings of fact and conclusions of law:

"FINDINGS OF FACT.

"That the Snyder Planing-mill Company entered into a contract with the defendant, Lightner, for the erection of a certain barn at the contract price of $3500. That prior to the completion of said barn, and on the 28th day of September, 1903, the Snyder Planing-mill Company was duly adjudicated bankrupt, and the defendant, Lightner, was compelled to and did complete the barn.

"That prior to the adjudication of the Snyder Planing-mill Company as bankrupt, at the request of said company, Lightner accepted two orders, one for $1000 and one for $1500, which said orders and acceptances were identical, with the exception of the amounts and dates. The one for $1500 reads as follows:

" 'HUTCHINSON, KAN., August 10, 1903.
" 'G. W. Lightner, Offerle, Kan.:

" 'DEAR SIR—Pay to the order of the First National Bank of Hutchinson, Kansas, $1500, on account of contract between you and the Snyder Planing-mill Company.          THE SNYDER PLANING-MILL COMPANY.
                                   Per J. F. DONNELL, Treasurer.
" 'Accepted: G. W. LIGHTNER.'

47—74 KAN.

"Said two orders, so accepted, were by the Snyder Planing-mill Company hypothecated with the First National Bank of Hutchinson, Kansas, to secure two certain demand notes drawing ten per cent. interest and of even amounts with said orders; the $1000 order being hypothecated about August 22, 1903, and the $1500 order on or about August 11, 1903. The proceeds of said notes were at said dates duly received from said bank and used by the Snyder Planing-mill Company. Said notes are still due and unpaid.

"That said orders were so accepted by Lightner on or about August 10, 1903, and that about September 30 Lightner took up the $1000 order by giving therefor his check for $1000 to the cashier of plaintiff, which was as follows:

" 'KINSLEY, KAN., September 30, 1903.
" '*The National Bank of Kinsley:*

" 'Pay to E. W. Eagan, cashier, or order, $1000. One thousand dollars.                GEORGE W. LIGHTNER.'

"That said Lightner stopped payment on said check prior to its presentation, and no part thereof has been paid, nor has any part of the $1500 order been paid. That prior to the giving of the two orders Lightner paid the Snyder Planing-mill Company $1000 upon said contract, and that he was compelled to expend $1624.04 to complete the barn. That there was a balance due and unpaid on said contract of $875.96 when this action was commenced."

"CONCLUSIONS OF LAW.

" (1) That said orders were non-negotiable and were subject to the same defenses in the hands of the First National Bank of Hutchinson, Kansas, as though they had remained in the hands of the Snyder Planing-mill Company.

" (2) That the plaintiff is entitled to judgment in this action in the sum of $970, with interest from this date at six per cent. per annum, and for costs.
                CHARLES E. LOBDELL, *Judge.*"

Plaintiff brings the cause here upon a transcript, and alleges error in the conclusions of law upon which the judgment is based and error in denying the motion for a new trial.

*Fairchild & Lewis,* and *E. C. Cole,* for plaintiff in error.

*F. Dumont Smith,* for defendant in error.

The opinion of the court was delivered by

Porter, J.: The main controversy is whether the orders given by the planing-mill company to the bank and accepted by defendant are negotiable instruments. It is true that no specific time of payment is mentioned, but that does not affect their validity as such instruments; and, where no date is mentioned, they are payable on demand. (4 A. & E. Encycl. of L. 133, and note 3; *Douglass v. Sargent & Bro.,* 32 Kan. 413, 4 Pac. 861.) Each of them, therefore, possesses all the essential elements of a bill of exchange, unless the words "on account of contract between you and the Snyder Planing-mill Company" make them payable out of a particular fund, and conditionally, so that the acceptance is thereby qualified.

The law is well settled that a bill or note is not negotiable if made payable out of a particular fund. (1 Dan. Neg. Inst., 5th ed., § 50; *White v. Cushing,* 88 Me. 339, 34 Atl. 164, 32 L. R. A. 590, 51 Am. St. Rep. 402.) But a distinction is recognized where the instrument is simply chargeable to a particular account. In such a case it is beyond question negotiable; payment is not made to depend upon the sufficiency of the fund mentioned, and it is mentioned only for the purpose of informing the drawee as to his means of reimbursement. (1 Dan. Neg. Inst., 5th ed., § 51; Tiedeman, Bills & Notes, § 20.) In *Ridgely Bank v. Patton & Hamilton,* 109 Ill. 479, it was said:

"A bill or note, without affecting its character as such, may state the transaction out of which it arose, or the consideration for which it was given." (Page 484.)

"So, also, the insertion into a bill or note of memoranda explaining the nature of the business or debt

for which the instrument is given will not make it non-negotiable, for such a memorandum does not make the payment conditional." (Tiedeman, Com. Paper, § 26..)

The test in every case is said to be, "Does the instrument carry the general personal credit of the drawer or maker, or only the credit of a particular fund?" (4 A. & E. Encycl. of L. 89.) A promise to pay a certain sum "out of my next quarter's mail pay, which becomes due January 1, 1883," was held, in *Nichols v. Ruggles*, 76 Me. 25, to be an absolute promise to pay a certain sum of money. In *Haussoullier v. Hartsinck*, 7 Durn. & E. (Eng.) 733, it was held that an instrument promising to pay a certain sum, "being a portion of a value as under deposited in security for the payment hereof," was a promissory note payable at all events. In *Pierson v. Dunlop,* 2 Cowp. (Eng.) 571, an order which was to be charged "to freight" was held negotiable. A note expressed to be in payment of certain tracts of land was held negotiable. (*Bank v. Michael,* 96 N. C. 53, 1 S. E. 855.) Likewise a note which stated that it was given in consideration of certain personal property, the title to which was not to pass unless the note was paid. (*Chicago Railway Co. v. Merchants' Bank,* 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349.) This court held, in *Clark v. Skeen,* 61 Kan. 526, 60 Pac. 327, 49 L. R. A. 190, 78 Am. St. Rep. 337:

"A note for the payment of a certain sum at a fixed date is not rendered non-negotiable by a stipulation that upon default in the payment of interest the whole amount shall become due at the option of the holder and then draw a greater rate of interest." (Syllabus.)

In *Corbett v. Clark and another,* 45 Wis. 403, 30 Am. Rep. 763, an order to pay a certain sum "and take the same out of our share of the grain," referring to grain harvested or growing on certain farms, accepted by the drawee, was said to be a valid bill of exchange, and the order and acceptance absolute, the words above

quoted merely indicating the means of disbursement. In *Redman v. Adams,* 51 Me. 429, a bill directing the drawee to charge the amount against the drawer's share of fish caught on a certain schooner was held valid and negotiable. One of the leading cases is *Macleed v. Snee,* 2 Stra. (Eng.) 762. There a bill of exchange was dated May 25, for the payment of a certain sum one month after date, "as my quarterly half-pay, to be due from 24th of June to 27th of September next, by advance." This was held a negotiable bill of exchange. In *Spurgin v. McPheeters,* 42 Ind. 527, an instrument in the following form was said to possess all the requisites of a bill of exchange:

"GREENCASTLE, IND., August 22, 1870.
*"Mr. D. M. Spurgin:*
"SIR—Please pay to Jesse McPheeters, or order, the sum of one hundred and nineteen dollars on said bill of 1¾-inch lumber, and oblige the firm of
GEO. W. HINTON & CO."

In *Whitney v. Eliot National Bank,* 137 Mass. 351, 50 Am. Rep. 316, the drafts or bills of exchange were in the ordinary form, except that they contained the direction to "charge the same to account of 250 bbls. meal *ex* schooner Aurora Borealis." The court said:

"This direction to charge the amount of the bills to a particular account, we think, does not make them payable conditionally, or out of a particular fund; they are still payable absolutely, and are negotiable, and do not constitute an assignment of a particular fund, or of a part of a particular fund. *Macleed v. Snee,* 2 Stra. 762; *Redman v. Adams,* 51 Me. 429; *Corbett v. Clark,* 45 Wis. 403, 30 Am. Rep. 763; *Coursin v. Ledlie,* 31 Pa. St. 506; . . . *Spurgin v. McPheeters,* 42 Ind. 527." (Page 355.)

The rule with regard to words which refer to the consideration is well stated in *Siegel et al. v. Chicago Trust and Sav. Bank,* 131 Ill. 569, 23 N. E. 417, 7 L. R. A. 537, 19 Am. St. Rep. 51, as follows:

"The mere fact that the consideration for which a promissory note is given is recited in it, although it

may appear thereby that it was given for or in consideration of an executory contract, or promise on the part of the payee, will not destroy the negotiability of the note, unless it appears through the recital that it qualifies the promise to pay, and renders it conditional or uncertain, either as to the time of payment or the sum to be paid." (Syllabus.)

The following authorities are also in point: *Matthews v. Crosby,* 56 N. H. 21; *Shepard v. Abbott,* 179 Mass. 300, 60 N. E. 782; *Schmittler v. Simon,* 101 N. Y. 554, 5 N. E. 452, 54 Am. Rep. 737; *Hillstrom v. Anderson,* 46 Minn. 382, 49 N. W. 187; *Bank of Kentucky v. Sanders & Wier,* 3 A. K. Marsh. (Ky.) 184, 13 Am. Dec. 149; 4 A. & E. Encycl. of L. 89; 7 Cyc. 580.

Section 10 of our negotiable instruments law, which is merely declaratory of the common law upon the subject, reads as follows:

"*When promise is unconditional.* An unqualified order or promise to pay is unconditional, within the meaning of this act, though coupled with: (1) An indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount; or (2) a statement of the transaction which gives rise to the instrument; but an order or promise to pay out of a particular fund is not unconditional." (Laws 1905, ch. 310, § 10.)

Plaintiff and defendant agree upon the abstract proposition of law involved in the controversy. Counsel for defendant concedes that an instrument, negotiable in itself, is not changed in character or rendered non-negotiable "by a recital of the consideration or a direction as to how the drawee shall reimburse himself"; but insists that the insertion of the words "on account of" has the same effect as the words "out of the proceeds of." The controversy is thus narrowed down to whether the words "on account of contract between you and the Snyder Planing-mill Company" amount to a direction to pay out of a particular fund, or, on the other hand, are to be considered as simply

Bank v. Lightner.

indicating the fund from which the drawee, Lightner, might reimburse himself. Many of the cases attach but little importance to the words "account of" and give the same effect to them as to the words "out of." (7 Cyc. 579.)

In the case of *Pitman v. Breckenridge & Crawford,* 3 Grat. (Va.) 121, cited by defendant, the phrase "on account of brick work done" on a certain building was held to be a direction to pay out of a particular fund. The case itself is of little value as an authority; it cites no cases, gives no reason, and simply holds the bill non-negotiable. The language "and charge the same to our account for labor and materials performed and furnished," in *Brill et al. v. Tuttle,* 81 N. Y. 454, 457, 37 Am. Rep. 515, was held to be ambiguous, and other circumstances were considered as controlling. The bill was held not negotiable. The following order was held not negotiable, in *Conroy v. Ferree,* 68 Minn. 325, 71 N. W. 383, but the opinion merely states that the order is drawn upon a special fund, without any discussion of the reasons:

"STARBUCK, MINN., September 14, 1895.
"*T. E. Thompson and C. L. Brevig:*
"Pay to the order of A. G. Englund one hundred fifty dollars ($150) on earnings for the thrashing season of 1895, whatever they may be, and charge to the account of                              A. H. FERREE.
"$150.  Accepted September 14, 1895.
"By C. L. BREVIG."

We are of the opinion that these orders cannot be construed as drawn upon a particular fund. Beyond question there are many authorities which hold similar expressions to indicate an intention to charge a particular fund. (See *Banbury v. Lisset et al.,* 2 Stra. [Eng.] 1211; *Averett's Adm'r v. Booker,* 15 Grat. [Va.] 163, 76 Am. Dec. 203; *Rice v. Porter's Admrs.,* 16 N. J. Law, 440; 7 Cyc. 578.) The weight of authority and reason supports the proposition that the

words amount to no more than an indication of the fund from which the drawee is to reimburse himself. The words used are substantially the same as though the orders read "and charge to account of contract with Snyder Planing-mill Company," or "credit to account of contract," etc. The $1000 check we consider in the same light as the order for which it was substituted.

Defendant in error argues that certain collateral circumstances appearing in the evidence must be taken into consideration; among other things, the fact that the bank held these orders for a time after their execution as indicating the intention with which the orders were taken. It is argued that, there being an ambiguity in the language, we must consider the construction placed upon these orders by the parties themselves. This case is here upon a transcript which contains none of the evidence, but merely the pleadings, findings of fact and of law, the judgment, and motion for a new trial. Had the trial court rested the decision upon the existence of these outside matters the findings of fact, which are very complete, would doubtless have referred to them. The conclusions of law are so framed as to leave no doubt that the court held the instruments to be non-negotiable on account of the language used in the instruments themselves. In our view they were negotiable, and the language, moreover, not even ambiguous.

It follows that defendant was not entitled to recoup his damages for the failure to complete the barn; and the findings of the court, therefore, require a judgment for plaintiff for the amount due upon the order and the $1000 check. The cause is therefore reversed and remanded, with directions to enter judgment in favor of the plaintiff.

All the Justices concurring.