DAY & NIGHT NAT. BANK OF PIKEVILLE, KY., v. COFFEY.

Circuit Court of Appeals, Sixth Circuit.
April 3, 1928.

No. 4933.

1. **Bills and notes** ⬅147—**Certificate of deposit held payable to depositor or order, and negotiable.**

A certificate of deposit, issued to a person named and "payable to himself order" twelve months after date on its return properly indorsed, the word "himself" being written in a blank space in the printed form, *held*, payable to the depositor or his order, under Ky. St. § 3720b8, and negotiable.

2. **Bills and notes** ⬅155—**Certificate of deposit held not nonnegotiable because of provision giving bank option to require 30 days' notice before payment.**

Certificate of deposit issued by national bank, payable twelve months after date, *held*, not nonnegotiable because of a provision giving the bank the option to require 30 days' notice before payment.

In Error to the District Court for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action at law by George W. Coffey against the Day & Night National Bank of Pikeville, Ky. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 21 F.(2d) 661.

Stanley Reed, of Ashland, Ky. (Martin & Smith, of Catlettsburg, Ky., Johnson, Auxier & Hinton, of Pikeville, Ky., and Browning & Reed, of Ashland, Ky., on the brief), for plaintiff in error.

Wells Goodykoontz, of Williamson, W. Va. (Harry Scherr, of Huntington, W. Va., and Goodykoontz & Slaven, of Williamson, W. Va., on the brief), for defendant in error.

Before DENISON and KNAPPEN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. [1] The Day & Night National Bank of Pikeville, Ky., in January, 1925, issued to W. P. T. Varney the following certificate of deposit:

"The Day & Night National Bank of Pikeville.

No. 220.

"This certifies that *W. P. T. Varney* has deposited in this bank *thirty-five hundred* dollars payable to *himself* order *twelve* months after date on the return of this certificate properly indorsed. This bank may request thirty days' notice of the time when payment will be required to meet the requirements of Federal Reserve Board regarding time deposits.

"With 4 per cent. interest if left twelve months.

"No interest after 12 months unless renewed.

"Not subject to check.

"*O. O. Graham,* Cashier."

The words above italicized are typewritten; the others were printed.

The defendant in error, George W. Coffey, purchased the certificate before maturity, without notice of any existing equity between the bank and Varney, from the latter, who indorsed the certificate. When the certificate became due, Mr. Coffey presented it for payment, and payment was refused. He then brought suit against the bank for recovery of the amount named in the certificate, with interest.

The bank admitted liability upon the certificate, but pleaded a set-off, on the ground that Varney was indebted to it in the sum of $5,000. Its contention was, and is, that the defendant in error is not a holder in due course, because (a) the instrument is not negotiable, (b) the instrument is not complete, and (c) the instrument is not regular. Contentions (b) and (c) are in essence contained in contention (a) that the instrument is not negotiable.

To this pleading the defendant in error demurred, and the demurrer was sustained by the District Court.

The substance of the contention of plaintiff in error is that the certificate was payable only to Varney (himself).

The theory of defendant in error is that the words "payable to himself order" are equivalent to "payable to himself *or* order."

The plaintiff in error maintains that there is a conflict between the typewritten word "himself" and the printed word "order," and that the conflict must be resolved in favor of the written word.

Admitting this rule of construction, the position of the defendant in error is that— taking the whole instrument into consideration—there is no conflict to be resolved.

By the Kentucky Statutes, a negotiable instrument must "be payable to the order of a specified person or to bearer." Section 3720b1. An instrument is "payable to order where it is drawn payable to the order of a specified person, or to him or his order." Section 3720b8, Kentucky Statutes. The in-

strument "need not follow the language of this act, but any terms are sufficient which clearly indicate an intention to conform to the requirements thereof." Section 3720b10.

Laying aside consideration of the words of the instrument which follow "payable to himself order," viz. "on the return of this instrument properly indorsed," what is the construction which would be reasonably placed on "payments to himself order?" The plaintiff in error contends it means simply "payable to himself." In other words, the court must do for the bank what it did not do for itself, strike out the word "order."

In Williston on Contracts, vol. 2, pp. 1205, 1206, it is said: "Of course if the written and printed matter can by any reasonable construction be reconciled, this will be done."

It is not unreasonable to construe "payable to himself order" as equivalent to, or meaning "himself or order." Otherwise a word must be stricken "from the four corners of the instrument," or the court must make the assumption that the bank by inadvertence, error, or carelessness failed to strike out the word "order." There is no evidence in the record on which such a presumption can be based, unless it is on the face of the instrument itself.

"A bill or note, the same as any other instrument, must be construed as a whole, so as to give effect to every part of it, if possible. The contract must be collected from the four corners of the document, and no part of what appears there is to be excluded." 8 C. J. § 136, p. 185.

It is said that the words, "on return of this certificate properly indorsed," indicate negotiability. Whatever tendency they have on that subject is plainly in that direction; and they may properly operate to confirm a conclusion that the earlier part of the instrument satisfies the statutory definition of what is negotiable. Whether they would alone justify that conclusion (as held in Forrest v. Safety Co. [C. C.] 174 F. 345) we need not consider.

[2] The certificate contains the following language: "This bank may require thirty days' notice of the time when payment will be required to meet the requirements of Federal Reserve Board regarding time deposits."

It is argued for plaintiff in error that this provision renders the instrument nonnegotiable. The case of First National Bank v. Golden, 19 Cal. App. 501, 126 P. 498, is cited as authority for this position. The Golden Case involved an order drawn by one on his deposit in a savings bank, which was

by reason of a requirement of the bank not to be paid till thirty days' notice to it, and which further required presentment of the depositor's passbook with the order. The case of White v. Cushing, 88 Me. 339, 34 A. 164, 32 L. R. A. 590, 51 Am. St. Rep. 402, involved an order containing these words: "The bank book of the depositor must accompany this order."

In the above cases the delivery of the passbook was a condition precedent to recovery. There is no such condition in the instant case. An instrument, to be negotiable under the Kentucky statute, must be payable on demand or at a fixed or determinable future time. In this case the certificate was payable twelve months after date, with an option on the part of the bank to extend the time of payment for thirty days unless the holder of the certificate should give notice thirty days prior to the expiration of the 12 months' period that payment would be demanded at that time.

The certificate of deposit is held to be negotiable, and the defendant in error a holder in due course.

Affirmed.