## HOWARD C. PARK and Another v. SAMUEL WINSOR and Others.[1]

July 21, 1911.

Nos. 17,198—(207.)

**Bona fide purchasers of note — evidence supports verdict.**
> The verdict in this case, to the effect that the plaintiffs were not bona fide purchasers of the note which is the subject-matter of the action, is sustained by the evidence.

Action in the district court for Mille Lacs county to recover $880 upon a promissory note. The defense interposed was fraud in its inception and the absence of consideration. The reply was a general denial. The case was tried before Taylor, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiffs' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Reynolds & Roeser,* for appellants.

*E. L. McMillan,* for respondents.

[1] Reported in 132 N. W. 264.

SIMPSON, J.

This action was brought to recover on a note signed by the defendants, payable to McLaughlin Brothers, of Columbus, Ohio. The note involved is one of three made by the defendants in connection with negotiations for the purchase of a stallion. The amount of the note is $1,000. It bore date June 11, 1902, and was payable on July 1, 1906. A payment of $120 was indorsed on the note as of date June 12, 1902. On March 8, 1906, the plaintiffs purchased this note from McLaughlin Brothers, paying therefor the sum of $880. The note not being paid at maturity, the plaintiffs sued to recover the amount thereof. The defense interposed was that the making of the notes was induced by gross fraud, and that there was a total absence of consideration therefor, and that the plaintiffs had notice of such facts at the time they purchased the note in suit. The plaintiffs denied the allegations by which this defense was interposed. A trial was had upon the issues so raised. A verdict was returned in favor of the defendants. The plaintiffs appeal from the order of the trial court denying their alternative motions for judgment notwithstanding the verdict or for a new trial.

Upon the trial ample evidence was introduced to make a question for the jury as to the fraud in the inception of the note and the absence of consideration therefor. By the verdict this issue, properly submitted, was resolved in favor of the defendants. The fraud in its inception and the lack of consideration for the note being thus established, the burden was placed upon the plaintiffs to show that they purchased the note in good faith in the usual course of business. The test of whether there was an absence of good faith in the purchase of the note is: Were the circumstances under which the note was purchased such as to be prima facie inconsistent with any other view than that there was something wrong in the title to the note, and therefore such as to give constructive notice of the defenses thereto? In order to charge a purchaser with notice, it is not sufficient to charge him with notice or knowledge of facts which would put an ordinarily prudent person on his guard or on inquiry. He must have knowledge or notice of such facts that his failure to make inquiry amounts to bad faith. Merchants' Nat. Bank v. Mc-

115 M.—17.

Neir, 51 Minn. 123, 53 N. W. 178; De Kalb National Bank v. Thompson, 79 Minn. 151, 81 N. W. 765; Gale v. Birmingham, 64 Minn. 555, 67 N. W. 659.

As shown by the statement of the facts above made, the note in question became due more than four years after it was made. It was not purchased by the plaintiffs until less than four months before maturity. There was on the note no indorsement showing whether or not any interest had been paid on the note. The plaintiff Park, who represented the plaintiffs in the purchase of the note, testified that at the time of trial he did not know the amount of interest due on the note; that he supposed the interest was paid upon the note to July 1, 1905; that he made no inquiry at the time of the purchase as to the amount of interest due, but that his recollection was that McLaughlin stated "that we could only count on one year's interest on notes, as the interest due up to within one year was usually paid;" that no explanation was made of the credit upon the principal of the note indorsed thereon; and that no inquiry was made as to the responsibility of the makers of the note. The plaintiff Park further testified that prior to this time, while connected with a banking firm, he had handled McLaughlin Brothers' notes, and was compelled to sue on some of them to enforce collection; that different defenses were interposed to such notes; and that he did not recollect the nature of such defenses.

Under this evidence we think a case was properly made for the jury to determine whether or not the plaintiffs acted in good faith and without notice of the defense thereto in purchasing the note. The burden being upon the plaintiffs to establish that they purchased the note in good faith, this issue was for the jury to determine, unless the evidence made it so clearly appear that the plaintiffs did so acquire the note that a different inference could not reasonably be drawn therefrom. Such is not the case made by the facts herein.

The issues involved were fairly submitted to the jury, and the verdict in favor of the defendants is sustained by the evidence.

Order affirmed.