# CITY NATIONAL BANK OF COLUMBUS, OHIO, v. SAMUEL WINSOR and Others.[1]

January 5, 1912.

Nos. 17,432—(166).

**Promissory note — good faith holder — evidence.**

 In this action on a promissory note, it is held that the verdict to the effect that plaintiff was not a bona fide holder for value is sustained by the evidence.

Action in the district court for Mille Lacs county to recover $730 upon a promissory note. The answer admitted the making of the note, but alleged that it was given in payment of a stallion; that it was agreed other persons should sign the note beside defendants, and that it should not be considered delivered until the other three persons had signed; that the agent of McLaughlin Brothers represented that the horse was only four years old and in perfect health, that he was worth $3,000, all of which representations were made to induce defendants to sign and that the representations were fraudulent. The reply was a denial of the new matter contained in the answer. The case was tried before Taylor, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*John A. Roeser,* for appellant.

*E. L. McMillan,* for respondents.

BUNN, J.

This action was brought to recover on a note signed by defendants, payable to McLaughlin Brothers, of Columbus, Ohio. The note was

---

[1] Reported in 133 N. W. 961.

[Note] Holder of bill or note as collateral security as a bona fide holder, see note in 31 L.R.A.(N.S.) 287.

one of a series of three given on the purchase of a stallion. Another of the series was involved in Union National Bank v. Winsor, 101 Minn. 470, 112 N. W. 999, 118 Am. St. 641, and the other in Park v. Winsor, 115 Minn. 256, 132 N. W. 264. In the case at bar it was stipulated that the note was fraudulently procured from defendants by McLaughlin Bros. without any consideration, and the only issue was as to whether plaintiff was a bona fide holder for value. This issue was submitted to the jury, and the verdict was for defendants. A motion for judgment notwithstanding the verdict or for a new trial was denied, and plaintiff appealed from the order.

The only question before us is whether there is evidence sufficient to sustain the verdict. If it conclusively appeared that plaintiff received the note in good faith as collateral security for an indebtedness of McLaughlin Bros., in the usual course of business and without notice of defenses, and that the indebtedness still existed, plaintiff is entitled to a new trial. But the fraud and want of consideration being established by the stipulation, the burden was upon plaintiff to prove that it was a bona fide holder for value. Unless the evidence was such that different inferences could not be drawn by reasonable men, the question was for the jury.

We have examined the evidence, and reach the conclusion that the verdict should be sustained. The cashier of plaintiff testified, in substance, that the note in question with many others was given plaintiff as collateral security for an indebtedness of $20,000. All of this indebtedness except about $1,100 was paid, and all the collateral surrendered except the note involved here, which in the meantime had become long past due. Taking into consideration the doubt as to whether the indebtedness for which the note was collateral had not been wholly paid, the over-looking of this particular note, and the failure to notify McLaughlin Bros. of the nonpayment of interest or principal, the long course of dealing in these stallion notes by plaintiff bank, involving suits brought to collect some of them, the failure to make any inquiry as to the makers of the note, its consideration, or the payments indorsed thereon, we cannot say that the jury was bound to find the plaintiff acted in good faith, or that the indebtedness for which the note was collateral had not been paid.

We hold that the verdict is fairly sustained by the evidence, and that the order refusing a new trial was not an abuse of discretion.

Order affirmed.