MINNESOTA THRESHER MFG. CO. *vs.* GOTTFRED HEIPLER.

Submitted on briefs April 5, 1892. Decided May 3, 1892.

Party in Interest—Who is.—The payee of a draft is "the real party in interest," notwithstanding an agreement between him and the drawer that it is taken for collection; the proceeds, when collected, to be applied in payment of the indebtedness of the latter to the former.

Appeal by defendant, Gottfred Heipler, from a judgment of the District Court of Lac qui Parle County, *Powers,* J., entered July 6, 1891, in favor of the Minnesota Thresher Manufacturing Company, plaintiff, for $73.13.

This action was commenced in a Justice Court, where plaintiff had judgment upon an accepted draft. of which the following is a copy:

MARIETTA, October 17, 1889.

*Mr. Gottfred Heipler:*

Please pay Minnesota Thresher Manufacturing Company or order, fifty dollars, amount due me for threshing.        JERRY RANDALL.

Witness,

WM. KANE.

It is hereby expressly understood and agreed that the Minnesota Thresher Manufacturing Company takes this order for collection only; the net proceeds of such collection to be applied on the indebtedness of the drawer of said order to the said Minnesota Thresher Manufacturing Company.

ACCEPTANCE.

I accept the within order, and agree to pay the amount named therein to the Minnesota Thresher Manufacturing Company on or before December 15, 1889.        GOTTFRED HEIPLER.

The defendant appealed to the District Court on questions of law alone, where the judgment of the Justice was affirmed.

*K. O. Jerde,* for appellant.

The plaintiff in this action is not the real party in interest. The order reads for collection only. *Rohrer* v. *Turrill,* 4 Minn. 407, (Gil. 309;) *Rock County Bank* v. *Hollister,* 21 Minn. 385; *Third Nat. Bank of Syracuse* v. *Clark,* 23 Minn. 263.

*H. L. Hayden,* for respondent.

The plaintiff is the real party in interest. The cases cited by appellant have no bearing on this case.

MITCHELL, J. By the terms of the order or draft sued on, the drawer directed the defendant to pay the plaintiff a certain sum.

The defendant accepted the draft, expressly agreeing to pay the plaintiff the sum named. Clearly the plaintiff held the legal title to the demand, and was the real party in interest.

It did not concern the defendant that there was an agreement between the drawer and the plaintiff that the latter took the order only for collection; the proceeds, when collected, to be applied on the indebtedness of the former to the latter.

No exceptions were taken on the trial of the cause which raise any other question.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 33.)