(Opinion published 57 N. W. Rep. 60.)

---

## BANK OF MONTREAL vs. PETER RICHTER et al.

Argued Oct. 25, 1893.   Affirmed Nov. 29, 1893.

No. 8358.

**Burden of proof in an action on a note obtained by fraud.**

Where an answer to a complaint in an action upon a promissory note, brought by an indorsee, sets up fraud in the inception of the note, and such fraud is established by evidence on the trial, the burden of proof shifts, and the plaintiff is bound to prove that he took the same for value, and without notice of the fraud.

**Verdict sustained by the evidence.**

Evidence held sufficient to justify the jury in finding that the notes in suit were procured by the payees through fraudulent representations.

**Evidence reviewed.**

Plaintiff's evidence, offered to show that the notes were received by it in good faith, and without notice, held insufficient to make a case for the jury.

**Erroneous instructions to jury held harmless.**

Sundry instructions erroneous, per se, held without prejudice, in view of the state of the evidence in this case.

Appeal by plaintiff, Bank of Montreal, from an order of the District Court of Wadena County, G. W. Holland, J., made April 8, 1893, denying its motion for a new trial.

On June 8, 1889, E. Bennett & Son of Topeka, Kansas, sold to the defendants, Peter Richter and nine others of Wadena, a stal-

lion named Stoneclink for $2,400 and took their promissory notes for the price, one for $500 due in one year, one for $900 due in two years, and one for $1,000 due in three years, all bearing interest at eight per cent. a year. E. Bennett & Son indorsed and transferred the notes on June 29, 1889, at Chicago, Ill., to the Bank of Montreal as collateral security to their indebtedness to it. The notes fell due and remained unpaid. The Bank brought this action upon the note for $1,000 against the ten makers thereof. The defendants answered that E. Bennett & Son on the sale knew the horse to be unsound and sick with an incurable disease, and fraudulently represented to them that he was sound, and well and all right. That defendants did not know or have notice that he was unsound or sick or not all right, and believed and relied upon the representations and were induced thereby to purchase and give the notes. That the horse was in fact worthless and afterwards died of the disease. They denied the other allegations of the complaint, but did not allege that plaintiff had knowledge or notice of the fraud when it obtained the note. Plaintiff replied, denying the representations and fraud and alleging that it had no notice or knowledge of any representations or fraud or of the consideration for the note when it obtained it. On the trial December 14, 1892, plaintiff read the note in evidence and rested. Defendants then offered evidence to prove the allegations of their answer. The plaintiff objected, but was overruled and it excepted and the evidence was received. Defendants gave no evidence of any notice to, or knowledge of the plaintiff of the fraud, at or before the transfer of the note to it. Plaintiff then asked the Court to instruct the jury to return a verdict for the plaintiff. This was refused and it excepted. Plaintiff then read in evidence depositions tending to show that it took the note in the due course of business without notice of the fraud or of the consideration for the note, but the evidence was not full or complete. The jury returned a verdict for defendants. Plaintiff moved for a new trial, but was denied and it appeals.

*A. G. Broker*, for appellant:

The answer did not contain a defence. It failed to allege that plaintiff had no notice or knowledge of the fraud at or before the

time it took the note June 29, 1889. *Cummings* v. *Thompson*, 18 Minn. 246; *Merchants' Exch. Bank* v. *Luckow*, 37 Minn. 542; *Mc-Laren* v. *Cochran*, 44 Minn. 255; *Davis* v. *Bartlett*, 12 Ohio St. 534.

Plaintiff became the owner of the note long before maturity, has been the owner of it ever since and gave a good and valuable consideration for it and took it without notice. This entitled it to a verdict. *Rosemond* v. *Graham*, 54 Minn. 323.

*Coppernoll & Willson*, for respondents.

Defendants were not required to allege in their answer that plaintiff had notice of the fraud in the inception of the note in order to be allowed to prove the fraud, and cast the burden upon plaintiff to show itself a *bona fide* holder for value, before maturity, without notice. *First National Bank* v. *Ruhl*, 122 Ind. 279; *Kain* v. *Bare*, 4 Ind. App. 440; *Bunting* v. *Mick*, 5 Ind. App. 289; *Haggland* v. *Stuart*, 29 Neb. 69.

If it were a fact that plaintiff's witnesses, Ambrose and Bennett, had testified in their depositions that the note sued upon was transferred before maturity for a valuable consideration, without notice, and in due course of business, and had given all the facts and circumstances showing such transfer, want of notice and consideration, yet the question would have remained one of fact for the jury. *Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Brooklyn C. R. Co.* v. *Strong*, 75 N. Y. 591; *Honegger* v. *Wettstein*, 94 N. Y. 252; *Twombly* v. *Munroe*, 136 Mass. 464.

If the defendants are entitled to a verdict for the reason that plaintiff has not shown itself to be a *bona fide* holder of the note, any error in law committed by the Court as to any other matter or proposition, is immaterial and hence not prejudicial. *Coit* v. *Waples*, 1 Minn. 134; *State* v. *Staley*, 14 Minn. 105; *Lind* v. *Picket*, 7 Minn. 184; *Cole* v *Maxfield*, 13 Minn. 235; *Whitaker* v. *Culver*, 9 Minn. 295; *Kraemer* v. *Duesterman*, 40 Minn. 469.

VANDERBURGH, J   The promissory note sued on was given for the purchase price of a stallion, and the defendants, in their answer, in addition to denials, set up as a defense that they were

induced to make the purchase and to execute the note by the false and fraudulent representations of the agent of the payees, who were the owners of the horse. On the trial the plaintiff objected to the admission of any evidence under the answer, on the ground that, in addition to the charge of fraud, it did not allege that the plaintiff had notice thereof when it took the note. We think it is the usual practice to insert such allegations in the answer in such cases, but in this case the defect, if any, is cured by the reply, which shows, in substance, that plaintiff's information on the subject was obtained after it acquired the note. In no event could the plaintiff be prejudiced by the ruling of the court.

Upon proof by the defendants of the fraud as alleged, the plaintiff was required to assume the burden of proving that it took the note for value, and without notice of the fraud. Under the code system, it is held, in some of the states,—and, as I think, properly, —that the plea of fraud is a good defense by itself, and it is not necessary for the defendant, in addition thereto, to allege in his answer, in such cases, that plaintiff had notice of the fraud in the inception of the note. See *First Nat. Bank* v. *Ruhl*, 122 Ind. 279, (23 N. E. Rep. 766.) And this rests upon the ground that the existence of the fraud raises the presumption that the plaintiff's title is not *bona fide*, and the burden, in consequence, shifts, and it is incumbent on the holder of the note to show that he took it in good faith, with all that these terms imply. *Vosburgh* v. *Diefendorf*, 119 N. Y. 365, (23 N. E. Rep. 801;) *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 206, (25 N. E. Rep. 402.) He must show under what circumstances, and for what value, he became the holder. *Seymour* v. *McKinstry*, 106 N. Y. 240, (12 N. E. Rep. 348, 14 N. E. Rep. 94;) *Totten* v. *Bucy*, 57 Md. 453. The reason for this rule, generally assigned, is that where there is fraud the presumption is that he who is guilty of it will part with the note thereby acquired for the purpose of enabling some third party to recover on it. Such presumption operates against the holder, and suspicion follows the note into his hands, and fastens upon his title. *Cummings* v. *Thompson*, 18 Minn. 252, (Gil. 228.)

The defendants' evidence was sufficient to make out a case of actionable fraud, and fully justified the verdict of the jury in

their behalf, unless it was made to appear by the plaintiff that it took the note without notice of the fraud. This the plaintiff undertook to show. It does not not claim to have discounted the notes, but that it took them, with other notes, as collateral security for an indebtedness due the bank from the payees. The bank was to collect the same at the expense of the payees, and credit them, in their account, with the net proceeds. Though this may be sufficient, under the decision in *Rosemond* v. *Graham*, 54 Minn. 323, (56 N. W. Rep. 38,) to make the plaintiff a holder for value, nevertheless, on the question of good faith, there is not enough in the nature of the transfer to sustain plaintiff's case. It is quite different from a case where, in the ordinary course of business, the holder has purchased negotiable paper, underdue, for its face value or nearly so, which of itself would, if free from suspicious circumstances, be entitled to much weight upon the issue of good faith. Undoubtedly, the plaintiff, in this case, was obliged to show want of notice of the fraud, by competent testimony, in addition to the fact that it holds the notes as collateral security. The plaintiff was bound to show that the defense of fraud was inoperative as against it, and this we think the depositions introduced for that purpose failed to do. That of one of the payees disclosed nothing upon the subject, and it does not appear that the witness Ambrose, who was the only other witness in plaintiff's behalf, was in a position to know what notice or knowledge the plaintiff may have had in respect to the transactions upon which the charge of fraud is based. His evidence does not show that he was the officer or agent of the bank through whom the transfer of the notes was made, and who acted, or was qualified to speak, for the bank in the matter. If, however, the transaction had been with him solely in behalf of the bank, and he had testified to the circumstances under which the transfer was made, his evidence tending to prove the *bona fides* of the transaction would have made a *prima facie* case, within the rule in *Rosemond* v. *Graham, supra*, without the necessity of calling other officers or agents of the bank. But the other witness—one of the payees above referred to—testifies that the person through whom the notes were delivered to the bank was one Monroe, the manager, and the

testimony of Ambrose is not in conflict with this. The latter says that the books of the bank show that the notes were transferred to it in June, 1889; that he had been employed by the plaintiff, in different capacities, for ten years; and, generally, that the bank took the notes as collateral security for cash advanced; and says, "We understood that the notes were taken by the payees in the usual course of business, and the bank knew of no other agreement in relation to the giving of the notes, other than expressed by the notes themselves." This is all the evidence bearing on the question. It does not appear what his means of knowledge were, or the extent of it, or that he could speak from personal knowledge, or that he was the only person connected with the bank who had knowledge on the subject, nor were his answers full, explicit, or satisfactory. The evidence fell short of what was required to make a case for the jury on the issue of good faith or notice, and the defendants were entitled to a verdict, if the issue of fraud was found in their favor. It follows that many of the alleged errors of the court, in its rulings and charge, were without prejudice, and do not, therefore, require special mention.

The instructions were subject to criticism on the ground that they were palpably conflicting and contradictory, but upon the material issues, as finally passed upon by the jury, no prejudice could have resulted to the plaintiff.

Order affirmed.

(Opinion published 57 N. W Rep. 61.)

