DEKALB NATIONAL BANK v. JOHN THOMPSON and Others.

February 8, 1900.

Nos. 11,933—(208).

**Promissory Note—Purchase in Good Faith.**

> The verdict in this case, to the effect that the plaintiff was not a bona fide purchaser of the note which is the subject-matter of the action, is sustained by the evidence.

Action in the district court for Swift county to recover $600 on a promissory note. The case was tried before Qvale, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. M. Thornton* and *S. H. Hudson,* for appellant.

*Marshall A. Spooner,* for respondents.

START, C. J.

Action upon a promissory note. The answer was, in effect, that the note was obtained by fraud, and was without consideration. Verdict for the defendants, and the plaintiff appealed from an order denying its motion for a new trial.

For the purposes of the trial only, it was admitted that the note was without consideration, and was obtained by fraud, as alleged in the answer. The plaintiff, however, claimed that it was a bona fide purchaser of the note, in the usual course of business, before its maturity, for a valuable consideration. This claim was the only issue submitted to the jury, and the only question raised on this appeal is that the verdict in favor of the defendants on this issue is not sustained by the evidence.

When it was shown or admitted that the note was obtained by fraud and was without consideration, the burden was placed upon the plaintiff to show that it acquired the note in good faith, and for a valuable consideration. Cummings v. Thompson, 18 Minn. 228 (246); Merchants Ex. Bank v. Luckow, 37 Minn. 542, 35 N. W. 434; Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61. Hence the issue was for the jury to determine, unless the evidence was, as a matter of law, conclusive that the plaintiff did so acquire the note.

It appears from the evidence that the note in question was for $600, payable to the order of W. A. Godwin & Son, but that the real owner of the note, at all times prior to the time the plaintiff purchased it, was W. L. Elwood, and that it, with two other notes, was given for the purchase price of a stallion, the property of Elwood, and sold by W. A. Godwin & Son for him. The note, when the plaintiff acquired it, was not, so far as the record shows, indorsed by the payee, the firm of W. A. Godwin & Son; but there was a guaranty of payment of the note on the back thereof, signed by William A. Godwin and A. G. Godwin, respectively. Whether they constituted the members of the firm named as payee does not appear.

It would seem that the note was not indorsed by the payee, to whose order it was payable, and that therefore the plaintiff was not, in any event, in position to claim the rights of a bona fide purchaser before maturity. If a promissory note payable to the order of a party is transferred without his indorsement, the holder takes it as a mere chose in action, subject to all defenses thereto. Van Eman v. Stanchfield, 10 Minn. 197 (255); Fredin v. Richards, 61 Minn. 490, 63 N. W. 1031; Slater v. Foster, 62 Minn. 150, 64 N.

W. 160. But this point is not here urged by the defendants, and we base our conclusion that the order appealed from must be affirmed upon the ground that the evidence as to whether the plaintiff was in fact a bona fide purchaser of the note, within the law merchant, was such as to make the question one of fact for the jury. It is true that the plaintiff's cashier, who discounted the note, gave evidence tending to show that the bank took the note for value and in good faith, without notice, in the usual course of business, and that there was no direct contradiction of his testimony. But the circumstances connected with the transfer of the note by Elwood to the bank, and his relation to the bank and its officers, and its action with reference to the note after it became due, as disclosed by the evidence, were such as reasonably to justify the jury in concluding that the note was transferred to the bank for the purpose of enabling it to sue the note in its own name, in order to deprive the defendants of their defense, and that the bank was a party to such purpose. We are satisfied from an examination of the whole record that the verdict is sustained by the evidence.

Order affirmed.