FIRST NATIONAL BANK OF WELLINGTON, OHIO, v. HAKEN PERSON and Another.[1]

April 26, 1907.

Nos. 15,125—(45).

**Bills and Notes—Fraud.**

In an action by the indorsee of a promissory note, it is *held* that the evidence offered by the defendant was insufficient to establish the allegations of their answer, to the effect that the note was fraudulent in its inception and was fraudulently put into circulation by the payee, and the trial court properly held that it was not incumbent upon plaintiff affirmatively to prove the bona fides of its ownership.

Action in the district court for Clay county to recover $1,103.12 upon a promissory note. The case was tried before Baxter, J., who, at the conclusion of the testimony, directed a verdict in favor of plaintiff for $1,163.05. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Nye & Dosland*, for appellants.

*N. I. Johnson*, for respondent.

BROWN, J.

Action to recover upon a promissory note, in which plaintiff had a directed verdict, and defendant appealed from an order denying a new trial.

[1] Reported in 111 N. W. 730.

The facts are as follows: Defendants made and delivered to the Aultman Engine & Thresher Company, a corporation, their promissory note for $1,100 in part payment for a certain steam threshing engine, then sold and delivered to them by that company. Thereafter, before the maturity of the note, and for a valuable consideration, the Aultman Company, payee of the note, indorsed and delivered the same to plaintiff, and this action was brought to recover the amount due thereon. Defendants pleaded in defense that the note was obtained by the Aultman Company by fraud, and was fraudulently put into circulation in violation of an agreement had with defendants at the time of the transaction, and, further, that the Aultman Company, as a part of the contract, represented that the engine was well made, of good material, and would furnish ample power to operate defendants' threshing machine; that the representations were false; that the machine was not well made of good material, would not furnish power for the operation of the machine, and was worthless. All of which the answer further alleges was well known to the company at the time.

At the trial plaintiff proved the indorsement and transfer of the note, and rested its case. Whereupon, after a few preliminary questions to defendants as witnesses, objections to which were sustained by the court, defendants' counsel offered to prove:

"That at the time of signing the note in question—the note sued upon in this action—it was then and there mutually agreed between the defendants and the payee mentioned in said note, the Aultman Engine & Thresher Company, that said note should represent a part of the consideration for a certain threshing-machine engine mentioned in said note, and that it was further agreed that said threshing-machine engine was in every respect a good engine, well made, of proper material, and would do all the work of furnishing power to thresh grain, and that the defendants should have at least six days to test said engine and to ascertain if it fulfilled the conditions of said agreement, and that said note would not be deemed delivered or operative in any manner, or binding upon the defendants, until such test was made; that thereupon the defendants took said engine and undertook to use the same in the furnishing of power to thresh grain, but that said engine was not well made nor properly constructed, nor would not furnish power to operate threshing machinery, and was in fact totally worth-

less, whereupon the defendants demanded the return of the note in question from the payee thereof, and offered to return the engine in question to said payee, but that the said payee refused to deliver back said note, or to receive back the machine in question; that there was no other consideration whatsoever for the note sued upon than the engine in question; and that at the time of the delivery of said engine to defendants and the execution of said note the said payee mentioned in said note well knew that said engine did not fulfil the terms of said warranty, and was worthless, and would not furnish power for threshing of grain."

This was objected to by plaintiff on the ground that it was incompetent, irrelevant, and immaterial; that the evidence offered tended only to show a want or failure of consideration for the note, and was inadmissible against plaintiff. The objection was sustained. The only assignment of error requiring special mention presents for consideration the correctness of this ruling. If this evidence was properly excluded, it ends the case in favor of plaintiff, and the other alleged errors become immaterial.

It is insisted by counsel for appellant that the evidence contained in the offer was sufficient to establish the fact alleged in the answer, namely, that the note in question was fraudulent in its inception, and also that it was fraudulently put into circulation by the payee, thus shifting upon plaintiff the burden to prove that it obtained it before maturity, for value, and without notice of the defense here interposed, a failure to do which would render the defense available to defendants. There is no doubt of the legal proposition upon which appellant relies. Cummings v. Thompson, 18 Minn. 228 (246); Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61; Mendenhall v. Ulrich, 94 Minn. 100, 101 N. W. 1057.

The serious question is whether the proffered evidence presents a case of fraud within the rule invoked. A careful examination and consideration of the matter leads to the conclusion that the offered proof is insufficient for the purposes intended.

A mere warranty on the sale of property, though false, does not constitute a fraud within the meaning of the rule. A fraud, within the contemplation of the law on the subject, is such as would justify a rescission of the contract upon its discovery, the elements of which are concisely stated by Judge Collins in Riggs v. Thorpe, 67 Minn. 217,

69 N. W. 891, where it was said "that where one makes a false representation of a material fact susceptible of knowledge, knowing it to be false * * * with intent to induce the person to whom it is made to rely upon it, and this person does rely upon it, is deceived, and is pecuniarily damaged, it is deceit, which will avoid the contract." This is an accurate statement of law, pertinent to the defense alleged in the case at bar.

But the evidence contained in the offer of proof falls short of bringing the case within it. The offer, at most, discloses a breach of contract. It discloses an agreement between the parties that the engine was of a certain capacity and in an operative condition; an agreement that defendants should have at least six days in which to test its capacity, and, if found defective, to return it and get their notes back. The offer also shows that the engine was tested, and found not in compliance with the agreement; but when this test took place does not appear. There was no offer, however, to prove any false or fraudulent representations concerning the condition of the engine, made to induce defendants to purchase the same, or upon which they relied, and by which they were deceived and damaged. Indeed, the offer contains no suggestions that any representations of any kind were made to induce defendants to enter into the contract. From the mere fact that it "was agreed that the engine was in good condition" the jury would not be warranted in concluding that it was falsely so represented, with a knowledge that the representation was untrue. The latter part of the offer, to the effect that the Aultman Company "well knew that the engine did not comply with the terms of said warranty," must be construed in connection with the other parts of the offer, and to have reference to the agreement therein referred to. It cannot be held to amount to a false and fraudulent representation. Nor was the offer sufficient to show that the note was fraudulently put into circulation. It appears therefrom that the parties agreed that the defendants were to have six days within which to try the engine, to return it if it did not answer the purposes intended, and that the note was not to be considered as delivered until such trial had been made. But the offer does not show a violation of the agreement. It does not appear therefrom that defendants complied with this feature of the agreement by

101 M.—3

attempting to use or offering to return the engine within the time agreed upon.

It follows that no fraud was shown sufficient to shift the burden of proof, and the ruling of the learned court below is sustained. Defendants' remedy is against the Aultman Company.

Order affirmed.