## S. P. CROSBY v. L. P. LARSON.[1]

November 13, 1914.

Nos. 18,822—(83).

**Finding sustained by evidence.**

Plaintiff sued to recover for services rendered and disbursements made as

[1] Reported in 149 N. W. 466.

attorney for a receiver. Upon conflicting evidence, the court found as a fact that plaintiff rendered no services and made no disbursements in the capacity of attorney for the receiver. The evidence is sufficient to sustain the finding.

Action transferred to the district court for Isanti county to ascertain the value of plaintiff's professional services and to recover judgment therefor. The answer specifically denied that plaintiff ever rendered any services to defendant. The case was tried before Giddings, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*S. P. Crosby,* pro se.

*Godfrey G. Goodwin,* for respondent.

HALLAM, J.

Plaintiff, as attorney at law, procured a money judgment in favor of Mrs. S. A. Nebel against Zelma A. Christensen. In proceedings supplementary to execution, defendant Larson was appointed receiver of the property of the judgment debtor. The receiver collected money enough to discharge the judgment and then made application for allowance of his account and for his discharge. The court made an order fixing a time for hearing thereon and directed that a copy of the order be served upon the judgment creditor and also upon this plaintiff. The order was served upon the judgment creditor. Plaintiff was temporarily absent from the state and it was not served upon him. On the hearing the receiver was discharged. Plaintiff, on his return to the state, made application to vacate the order of discharge and also commenced this action. His alleged grievance in both cases is the same and is based on the claim that he was the attorney for the receiver as well as for the judgment creditor and is entitled to compensation for his services and reimbursement for certain expenditures made. The application to vacate the discharge, and the trial of the action to recover fees, came before the court at the same time, and they were considered together. The

court found as a fact that plaintiff did not render professional services nor make any disbursements as attorney for the defendant as receiver, and gave judgment for the defendant and denied the motion to vacate the receiver's discharge. The appeal is taken from the judgment alone.

The question whether an attorney for a receiver may maintain an action against the receiver personally for compensation for services rendered in connection with the receivership, is not raised in this case and is not decided. Both parties seemed content to litigate on the trial of this action the question whether plaintiff rendered services for the receiver and, if so, the further question of the value thereof. But one question is presented on this appeal, and that is whether the findings of fact upon that subject are justified by the evidence. Plaintiff testified that the receiver employed him as attorney, and that he rendered services and incurred expenses pursuant to such employment. Defendant, on the other hand, denied that there was any such employment. He admitted conferring with plaintiff, but claimed that he conferred with him as attorney for the judgment creditor. There was no testimony of any other witness. There was some correspondence between these parties, but the nature of it when considered as a whole is not such that it is inconsistent with defendant's claim. The finding of the trial court on this issue of fact is fairly sustained by proof and should not be disturbed.

We are not concerned on this appeal with the question whether plaintiff received proper notice of the receiver's discharge. That question could only arise on appeal from the order denying the motion to vacate the receiver's discharge, and in fact would not be of consequence there in view of the decision that plaintiff had no claim as attorney for the receiver.

Judgment affirmed.