## FARMERS ELEVATOR COMPANY OF LANSFORD v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 19, 1915.

Nos. 19,234—(40).

**Carrier — evidence of consignor's ownership.**

1. Evidence *held* sufficient to show that plaintiff, consignor of certain flax shipped over defendant's road, was the owner of the same, and entitled to recover of defendant for the loss thereof during transportation.

**Witness — refreshing memory from memorandum.**

2. When and under what circumstances a witness may be permitted to use a memorandum to refresh his memory is a matter resting largely in the discretion of the trial court.

**Same — discretion of court.**

3. The discretion was properly exercised in this case.

**Competency of witness.**

4. The extent to which the competency of a witness may be tested by the cross-examination rests in the discretion of the court.

**Evidence on collateral issues.**

5. There was no error in the exclusion of evidence offered by defendant tending to show the total quantity of flax received at plaintiff's elevator and the quantity shipped out. Such evidence would have introduced collateral issues into the case, involving the correctness of weights given the depositors of the flax, the dockage upon each load, and the result would only remotely bear upon the issue whether there was a loss in the particular shipments involved in this action.

**Cross-examination of adverse witness.**

6. The question whether a former agent of a party may be called for cross-examination under the statute is not decided, but it is *held* that there was no prejudice to defendant's substantial rights in the refusal of the court to permit such cross-examination.

[1] Reported in 154 N. W. 954.

**Interstate shipment — Minnesota statute inapplicable.**

    7. Section 4498, G. S. 1913, requiring every shipper of grain to place a tag in each car shipped, showing the quantity of the grain therein, has no application to shipments originating in another state. The statute was intended to have application only to shipments within the state.

**Same — settlement of claim.**

    8. Section 4316, G. S. 1913, imposing a penalty for the failure of a railroad company to make settlement of claims within the time therein stated does not apply to interstate transactions.

**Same — recovery of penalty.**

    9. In this case the shipment over defendant's road originated in the state of North Dakota, with destination at Minneapolis, this state, and it is *held* that the court erred in permitting a recovery against defendant of the penalty fixed by that statute.

Action in the district court for Hennepin county to recover $682.86 and $223.36, with an added penalty of $25 in each case, upon two shipments of flax from Lansford, North Dakota, to Minneapolis, Minnesota. The answer alleged that section 4 of chapter 306 of the Laws of 1911 contravened the act of Congress regulating commerce and amendments thereto by interfering with interstate commerce, and contravened section 7, art. 1, of the Minnesota Constitution and articles 5 and 14 of the Federal Constitution in that it deprived common carriers, including defendant, of their property without due process of law and was therefore unconstitutional. The case was tried before Fish, J., who denied defendant's motions to dismiss the action and a jury which returned a verdict for $728.20. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed on condition.

*Cobb, Wheelwright & Dille, H. C. Mackall* and *M. L. Countryman,* for appellant.

*E. J. Grover* and *L. S. Ogden,* for respondent.

*H. V. Mercer* and *C. G. Krause,* as *amici curiae,* filed a brief in behalf of respondent.

BROWN, C. J.

Action to recover the value of certain flax shipped over defendant's road, a part of which plaintiff claims was lost in transit. Plaintiff had

a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The questions presented will be disposed of in their order and the necessary facts stated in connection with each.

Plaintiff is a North Dakota corporation engaged in the elevator business at Lansford in that state. On February 5, 1912, it delivered to defendant a carload of flax consigned and for shipment to Benson-Newhouse-Stabeck Company at Minneapolis, this state. The complaint alleges that the car contained 88,000 pounds of flax, that there was lost in transit 22,698 pounds. Again, on February 16, 1912, plaintiff delivered to defendant another car of flax for shipment to the same consignee, at Minneapolis, containing as alleged in the complaint 45,000 pounds of flax, only 36,200 pounds of which were delivered at destination. Shipping bills were issued by defendant's agent to plaintiff for both these consignments.

1. One contention of defendant is that no evidence whatever was offered tending to show that plaintiff owned the flax, and for this reason that plaintiff failed to establish its alleged cause of action. Presumptively of course the consignee in cases of this kind is the owner of the property, and may recover the value thereof in case of loss while in the possession of the carrier without other evidence of title. But the presumption is not conclusive. It may be shown that the consignor was in fact the owner. The trial below seems to have proceeded throughout on the theory that the consignor was such owner. It is true that plaintiff offered no affirmative evidence of such ownership, but defendant, in the examination of witness Newhouse, brought out the fact that the flax was consigned to his company as the agent of plaintiff, thus negativing any claim of ownership on the part of the consignee. No point was made on the trial that plaintiff's case was defective in this respect, and in view of the evidence just referred to, and the general course of the trial, we hold that plaintiff's title sufficiently appears.

2. As already stated shipping bills for both cars of flax were made and delivered by defendant's agent to plaintiff as required by law. The one contained the statement that the car contained 88,000 pounds of flax, the other that the car contained 4,400 pounds. The first one referred to was offered and received in evidence in support of the allegations of the com-

plaint.   The second, or the bill containing the statement that the car contained 4,400 pounds of flax, was not offered by plaintiff, evidently for the reason that the amount of flax stated therein was incorrect and an error on the part of the person preparing the same.   That there was an error in this respect is manifest, for there was in fact delivered by defendant to the consignee at destination from this car 36,200 pounds, thus showing beyond controversy that the bill of lading, fixing the amount shipped at only 4,400 pounds, was an error on the part of some one.   Instead of offering the incorrect shipping bill plaintiff produced as a witness one Kenney, who assisted in loading the car as an employee of plaintiff, and he testified that the car contained in fact 44,192 pounds of flax.   The witness was permitted by the court, for the purpose of refreshing his memory as to the quantity loaded into the car, to refer to an affidavit made by him in some other proceeding a short time after the car was so loaded.   Defendant objected to the use of this affidavit for this purpose and the objection was overruled.   Of this ruling defendant complains.

The rules permitting a witness to refresh his memory by referring to a writing made by him are well understood, and as stated in 3 Dunnell, Minn. Dig. § 10328, the matter rests largely in the discretion of the trial court.   It should appear that the memorandum or writing sought to be referred to was made at the time of the transaction, or about the time thereof, and when the matter was fresh in the mind of the witness.   Section 10330.   It appears in the case at bar that this witness and witness Dunbar as employees of plaintiff loaded this car of flax, and each clearly stated the facts tending to show the quantity placed therein.   "Shortly after" the car was loaded, the precise date does not appear, they made the affidavit, which the witness referred to in refreshing his memory, showing among other things the number of pounds of flax so loaded into the car. The affidavit was made from facts disclosed by plaintiff's elevator records; records made in part at least by the affiants, and from facts within their personal knowledge.   If, as the evidence tends to show, the affidavit was made at about the time of the transaction, and when the matter was fresh in the mind of the affiant, there would seem no substantial reason for doubting the correctness of the ruling of the trial court; at least no ground for declaring the ruling an abuse of discretion.   Culver v. Scott & Wolston L. Co. 53 Minn. 360, 55 N. W. 552; State v. Colwell, 3 R. I.

132; Billingslea v. State, 85 Ala. 323, 5 South. 137. The case of Paine v. Sherwood & Sewall, 19 Minn. 270 (315), is not in point. In that case the memorandum was received in evidence and it was held error. There is a clear distinction between the use of a memorandum to refresh the memory, and the use thereof as substantive or original evidence. The affidavit was not received in evidence in the case at bar, but was used solely to refresh the memory of the witness.

3. Upon the theory that the testimony of the witness Dunbar, as to the quantity of flax loaded into the car was merely an estimate, defendant offered to show that in a number of other instances of like estimates, 133 in all, the witness had over-estimated the quantity. Conceding that the testimony of the witness amounted to an estimate only, the extent to which cross-examination along this line should extend was discretionary with the court; no abuse of which appears.

In reference to this branch of the case it may also be said that there was no error in excluding the so-called "cut-off" evidence. Defendant here attempted to show the total quantity of flax received at plaintiff's elevator during the period covered by the transactions here involved, and the total quantity shipped and accounted for, and that the total difference was a loss of about 30 bushels. The evidence was properly excluded. Its admission would only have brought into the case collateral issues, with the result at least only remotely bearing upon the question here presented. The inquiry would have involved the correctness of weights given the farmers, the dockage upon each load of flax delivered at plaintiff's elevator, and thus presented questions which the court was entirely right in declining to hear in this case. Cochrane v. West Duluth I. C. & Imp. Co. 64 Minn. 369, 67 N. W. 206. It is quite clear from the evidence, that is, there is evidence in the record clearly tending to show, a considerable loss of flax from both those cars while in transit, and, even though plaintiff may have appropriated some of the flax from the farmers by dockage or short weight, that does not concern defendant if there was in fact a loss in these shipments. We think the court was right in excluding this evidence. The same ruling applies to the admission of witness Newhouse. State v. Hjerpe, 109 Minn. 270, 123 N. W. 474; Slingerland v. Slingerland, 46 Minn. 100, 48 N. W. 605.

4. Defendant called a former managing agent of plaintiff for cross-examination under the statute, and the court, on objection, denied the right, holding that the statutes permitting the cross-examination of the adverse party, or his managing agents, have no application to an agent not in the service of the party at the time of the trial. The witness was an agent of plaintiff for a time prior to March, 1912, and at the time of the transactions involved in the action, but his term of service ceased at the time stated, and he was not such agent at the time of the trial.

The question presented has been suggested in other cases but left undecided. O'Gara, King & Co. v. Hansing, 88 Minn. 401, 93 N. W. 307. We find it unnecessary to determine it in this case. The witness referred to was called by the plaintiff and defendant was thereby afforded ample opportunity to cross-examine him in respect to all features of the case. He could have been recalled for the purpose of further cross-examination, and no doubt the court would have granted the privilege had it been requested. The question then is merely an abstract one, and unnecessary to determine at this time. No prejudice resulted to defendant. The same may be said of the witness Newhouse. Defendant called this witness and in the midst of his examination in chief insisted on the right to cross-examine him under the statutes, on the theory that he was the agent of plaintiff at the time of the transaction. The court denied the right. From the evidence elicited from this witness, a member of the firm of Benson-Newhouse-Stabeck Company, consignees, and the knowledge he possessed of the transaction, it is clear that defendant was in no way prejudiced by the ruling of the court, if it be conceded that defendant had the right to call him under the statute for cross-examination.

5. Section 4498, G. S. 1913, requires every shipper of grain to "fasten upon the inside of each car shipped by him a card giving the number and initials or other distinctive mark of such car, the date of shipment, and the exact weight of the grain in such car, as claimed by the shipper. If he fail so to do, the official weight shall be *prima facie* evidence of the quantity of grain shipped in such car."

Defendant offered to show a failure on the part of plaintiff to comply with this statute, and the the offer was rejected by the court. In this ruling we discover no error. The shipment in question originated in the state of North Dakota, and the shipping contract was entered into in that

state. The statute therefore can have no application. It was desigred and intended by the legislature to apply to shipments within this state, and should not be construed as having extra-territorial operation, or apply to contracts of shipments originating in other states. Black, Interpretation of Laws, 107. We do not stop to consider the statute, construed as a rule of evidence, if held applicable to interstate shipments, for it contains nothing to indicate an intention on the part of the legislature that it should apply to such shipments.

6. Plaintiff, upon discovering the loss of the flax in transit, made claim for the shortage and defendant refused to recognize or pay the same. For its refusal to make settlement plaintiff claimed to be entitled to the penalty provided for by section 4316, G. S. 1913. The question whether plaintiff had complied with the statute, so as to entitle it to the penalty, was submitted to the jury under instructions to award the penalty if they found such compliance. In this there was error. The statute, like the one considered in the paragraph above, can have no application to interstate shipments. It was intended to apply to transactions within the state. If otherwise construed it would be invalid. Charleston & W. C. Ry. Co. v. Varnville Furniture Co. 237 U. S. 597, 35 Sup. Ct. 715, 59 L. ed. 1137.

But plaintiff contends that the record is conclusive that the jury did not award the penalty, and that the amount of the verdict represents only the value of the flax lost. In this we do not concur. It is impossible from the evidence to say that the penalty was not included. The error, however, does not require a new trial, but may be corrected by a reduction of the verdict.

7. What has been said covers all questions, and all assignments of error, which require special mention. With the exception just referred to we discover no substantial error.

It is therefore ordered that the order appealed from be reversed and a new trial granted, unless plaintiff shall within ten days from the filing of the mandate in the district court, file its consent to deduct from the verdict the sum of $50. If such consent is so filed, the order will stand affirmed.