---

SNELLING STATE BANK OF ST. PAUL v. MATHIAS CLASEN.[1]

April 28, 1916.

Nos. 19,630—(53).

**Bills and notes — purchaser for value.**

1. The indorsee of negotiable paper taken as collateral security for an antecedent debt, is in the position of a purchaser for value.

[1]Reported in 157 N. W. 643.

Note.—On what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see notes in 29 L.R.A.(N.S.) 351; 44 L.R.A.(N.S.) 395.

On reference to extrinsic agreement as affecting negotiability, see note in 30 L.R.A.(N.S.) 40.

As to fraud in obtaining the execution of a note as a defense against a bona fide holder, see note in 36 L.R.A. 434.

On whether a holder of bill or note as collateral security for a preexisting debt is a bona fide holder, see note in 31 L.R.A.(N.S.) 288.

**Same — effect of indorsement.**

2. The words "as per contract" written on the back of a note at the time of its execution, under which the payee indorses at the time of the negotiation, do not affect the negotiablity of the note.

**Same — purchaser not put on inquiry.**

3. Such words cannot be overlooked by the purchaser, but when a contract accompanies the note and passes to the purchaser, the contract not giving the maker a defense, he is not charged by such words with knowledge of another agreement giving a defense.

**Same — fraud — burden of proof.**

4. When there is fraud in the inception of a note or in its negotiation, the burden is upon the indorsee of proving that he purchased before maturity, in due course, for value, and that he was without notice of equities in the maker, but the negotiation of a note given in part payment of the purchase of lands with an agreement that if the maker is dissatisfied upon inspection the payee will return it, does not constitute such fraud.

**Cross-examination under statute — when officer of adverse party can be be called as witness.**

5. The right to call an officer of an adverse party for cross-examination under G. S. 1913, § 8377 (R. L. 1905, § 4662), is to be determined as the situation is at the time of the trial, and there is no right to cross-examine one not an officer at the time of the trial though he was an officer at the time of the transaction involved.

Action in the district court for Hennepin county to recover $765 upon a promissory note. The case was tried before Hale, J., who directed a verdict in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John F. Bernhagen,* for appellant.
*John A. Pearson,* for respondent.

DIBELL, C.

Action upon a promissory note. The court directed a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

The note was made by the defendant Clasen on February 7, 1913, to one Harris. Harris indorsed it in blank. It was delivered by the hold-

er, one McGray, who received it from Harris, to the plaintiff bank as collateral security to a note then owing to the bank and as collateral security for future advances. McGray did not indorse it. On the back of the note, and above the indorsement of Harris, appear the words " as per contract." They were put on the note at the time of its execution. This note was one of four notes of equal amount given by Clasen to Harris as a part of the consideration of a written contract for the sale of lands in British Columbia. On the same day another agreement in writing was made by Clasen and Harris providing in effect, that if upon inspection Clasen was not satisfied with the lands, or with other lands shown him, Harris would return the notes and pay back the cash payment made.

Afterwards Clasen demanded the return of the notes, pursuant to this agreement, and Harris failed to return them. The sale contract accompanied the note at the time McGray gave it to the bank. The other agreement did not.

1. Under our decisions the indorsee of negotiable paper, taken as collateral security for an antecedent debt, is a purchaser for value and has such title as a purchaser for a consideration paid at the time. Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38, 40 Am. St. 336; German American State Bank v. Lyons, 127 Minn. 390, 149 N. W. 658.

2. The presence of the words "as per contract" on the back of the note did not affect its negotiability using the word "negotiability" in its large sense as including the passing of title free of equities in favor of the maker and against the payee as well as the transfer of title by indorsement; that is, the right of a *bona fide* purchaser for value before maturity and in due course of business was not affected. It is essential to the negotiability of an instrument that the promise be to pay a definite sum in money, absolutely and not contingently, and generally and not out of a particular fund. Hillstrom v. Anderson, 46 Minn. 382, 49 N. W. 187. A recital of the consideration does not destroy negotiability. Wright v. Traver, 73 Mich. 493, 41 N. W. 517, 3 L.R.A. 50; Clanin v. Esterly Harvesting Machine Co. 118 Ind. 372, 21 N. E. 35, 3 L.R.A. 863; Hillstrom v. Anderson, 46 Minn. 382, 49 N. W. 187; 7 Cyc. 580. In Taylor v. Curry, 109 Mass. 36, 12 Am. St. 661, the words "on policy No. 33,386" written on the face of the note were held not to affect its

negotiability. To the same effect are Union Ins. Co. v. Greenleaf, 64 Me. 123; Bresee v. Crumpton, 121 N. C. 122, 28 S. E. 351; Kirk v. Dodge County Mut. Ins. Co. 39 Wis. 138, 20 Am. Rep. 39. In First Nat. Bank v. Lightner, 74 Kan. 736, 88 Pac. 59, 8 L.R.A.(N.S.) 231, 118 Am. St. 353, 11 Ann. Cas. 596, the words "on account of contract," written on the face of the note, were held not to affect negotiability. We do not find a case like the one before us but the conclusion we reach is right.

3. The words quoted, however, are not to be disregarded. The purchaser cannot overlook them and then claim that he had no notice of what an observance of them and fair inquiry would disclose. The sale contract accompanied the note and went to the bank. The bank knew its contents. It appeared from it that the note was one of four notes given upon the purchase of the British Columbia lands. Nothing in it affected Clasen's liability on the note. The agreement relating to the return of the notes did not go to the bank and it was not informed of it. Nothing in the situation suggested further inquiry and it was not chargeable with notice of the agreement for a return of the notes.

4. When the maker shows that the note was procured by the fraud of the payee the indorsee cannot recover unless he proves that he purchased in good faith, before maturity, for value, and without notice, and he must sustain the burden of proof. Cole v. Johnson, 127 Minn. 291, 149 N. W. 466; Cochran v. Stein, 118 Minn. 323, 136 N. W. 1037, 41 L.R.A. (N.S.) 391; Park v. Winsor, 115 Minn. 256, 132 N. W. 264; First Nat. Bank v. Person, 101 Minn. 30, 111 N. W. 730; Mendenhall v. Ulrich, 94 Minn. 100, 101 N. W. 1057; De Kalb Nat. Bank v. Thompson, 79 Minn. 151, 81 N. W. 765; First Nat. Bank v. Holan, 63 Minn. 525, 65 N. W. 952; Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61; MacLaren v. Cochran, 44 Minn. 255, 46 N. W. 408; 1 Dunnell, Minn. Dig. § 1040; Dunnell, Minn. Dig. 1916 Supp. § 1040. The early leading case is Cummings v. Thompson, 18 Minn. 228 (246), and there the doctrine is well stated.

The court directed a verdict for the plaintiff bank and did not put upon it the burden of proving the facts enumerated, and it is the contention of the defendant that, in view of the agreement for the return of the notes, the sale by Harris constituted fraud such as is meant by

the cases cited and therefore the burden of affirmative proof was on the bank. We cannot so hold. The case of McNight v. Parsons, 136 Iowa, 390, 113 N. W. 858, 22 L.R.A.(N.S.) 718, 125 Am. St. 265, 15 Ann. Cas. 665, upon which the defendant relies, involved a delivery of a note upon an express agreement that it was not to be negotiated until the performance of a specified condition; and it was held that the putting of the note in circulation in violation of this agreement constituted a fraud. In effect it was a conditional delivery. In this respect it was much like Merchants' Exchange Bank v. Luckow, 37 Minn. 542, 35 N. W. 434, where a note was delivered but was not to become operative until signed by another; and there it was held that putting it in circulation was a fraud, the court saying:

"The effect of the facts found is that the alleged contract * * * never became operative, never was their contract, and the delivery of it to the payees by their agent, and the use made of it by the payees in transferring it as an operative contract, was in law a fraud upon the defendants."

Mendenhall v. Ulrich, 94 Minn. 100, 101 N. W. 1057, and Robbins v. Swinburne Printing Co. 91 Minn. 491, 98 N. W. 331, 867, are similar. First Nat. Bank v. Person, 101 Minn. 30, 111 N. W. 730, recognizes the general doctrine. The case before us is not in its facts nor upon principle such a case. The agreement was that if Clasen after an inspection of the lands was dissatisfied he might rescind. There was no express agreement nor one inferable from the facts that the note was not to be operative or that it should not be negotiated. The delivery was not conditional. There was a contingent right of rescission. Harris committed a breach of his agreement to pay back the portion of the consideration received and return the notes when Clasen rescinded; but the negotiation of the note did not constitute fraud.

5. The defendant called for cross-examination under the statute a former officer of the plaintiff. The statute provides:

"A party to the record of any civil action or proceeding, or a person for whose immediate benefit such action or proceeding is prosecuted or defended, or the directors, officers, superintendent, or managing agents of any corporation which is a party to the record, may be examined by the adverse party as if under cross-examination, subject to the rules

applicable to the examination of other witnesses. * * * G. S. 1913, §
8377, (R. L. 1905, §4662).

The witness was an officer at the time of the negotiation of the note
but not at the time of the trial. The court refused to permit his cross-
examination. Whether under such circumstances a party has the right
of cross-examination was suggested but not decided in O'Gara, King &
Co. v. Hansing, 88 Minn. 401, 93 N. W. 307, and Farmers Ele. Co. v.
Great Northern Ry. Co. 131 Minn. 152, 154 N. W. 954. What is given
by the statute is the right to examine a party, or one for whose benefit the
action is prosecuted or defended, or the directors, officers, etc., of a cor-
porate party. This right is to be determined as the situation is at the
time of the trial. The trial court ruled correctly. This holding settles
the practice. Perhaps the rulings of the trial courts have not been uni-
form. It does not follow that contrary rulings furnish a ground for
reversal. Usually they would not constitute prejudicial error.

Order affirmed.