## FIRST STATE BANK OF ELY v. JOSEF SELISKAR.[1]

December 10, 1926.

No. 25,712.

**Judgment on note sustained by evidence.**
1. The evidence supports the findings and order for judgment.

**Plaintiff could maintain action and there was no variance.**
2. The bank remained the holder of the note and the real party in interest notwithstanding the fact that the note had been charged to plaintiff's president to avoid appearance of the papers being carried as overdue. The note was not indorsed or assigned to the president and remained an asset of the payee bank.

**Former cashier of bank cannot be cross-examined as adverse witness.**
3. There is no right to call a witness for cross-examination simply because he was an officer of the adverse party at the time of the transaction.

Appeal and Error, 4 C. J. p. 884 n. 35.
Bills and Notes, 8 C. J. p. 821 n. 84.
Witnesses, 40 Cyc. p. 2472 n. 14.

Defendant appealed from an order of the district court for St. Louis county, Fesler, J., denying his motion for a new trial. Affirmed.

*Jerry A. Harri*, for appellant.
*Fryberger, Fulton, Hoshour & Boyle*, for respondent.

QUINN, J.

Action to recover upon a promissory note given by the defendant to plaintiff for $3,500, payable in 6 months from date, with interest at 7 per cent per annum, on November 30, 1920. In his amended answer defendant admits his signature upon the note and alleges that the same was obtained without his knowledge or consent, and that said note was obtained by plaintiff by fraud. The cause was tried to the court, without a jury, findings were made and judgment

[1]Reported in 211 N. W. 163.

ordered for the full amount of the note with interest and costs. From an order denying his alternative motion for amended findings or a new trial defendant appealed.

The plaintiff bank was organized under the state law in 1912 with its principal place of business at Ely in St. Louis county. M. J. Murphy has been its president since its organization. George Brozich was its cashier from 1912 until late in the year 1920. Since that time, Leonard Slavodnik has been its cashier. Defendant is a native of Jugoslavia, as is Brozich. Brozich became the leader of the people of his nationality in and about Ely. The defendant was a saloonkeeper at that place and became quite wealthy. He was a patron of the plaintiff bank. Brozich was prosperous and undertook to establish a summer resort on the shores of White Iron lake, four miles out from Ely. The defendant owned considerable real estate at that place including his homestead.

Brozich was in need of considerable money to carry on the summer resort project. He had borrowed the limit at the bank. He wanted more money and solicited defendant for a loan. Defendant had no money at the time but offered to sign a note at the bank upon which Brozich might obtain the money. This was done, Brozich, his wife joining, giving the defendant their note for an equal amount. Defendant did not pay the note at the bank when it became due but renewed it several times, giving the note here in question on November 30, 1920, for $3,500 as stated.

While the testimony was conflicting as to the circumstances under which the note was given, the greater weight thereof is clearly in favor of the plaintiff. The learned trial court, after hearing and considering all of the testimony, found in favor of the plaintiff and ordered judgment accordingly. The findings are conclusive and the order appealed from must be affirmed.

It is insisted on behalf of appellant that there was a material variance between the pleadings and proof in that it appears that the plaintiff was not the real party in interest. We find no merit in this contention. The note was payable to the order of the bank and constituted a part of its bills receivable. It was long past due

and the banking authorities complained on that account. In order to avoid criticism, Mr. Murphy had the amount of the note charged against his account. The note was removed from the portfolio but it was not indorsed to Murphy nor in any way delivered to him, but remained a part of the assets of the bank, and so remained at the time of the trial. The plaintiff had a right to bring and maintain the action as the owner of the note and there was no variance. Minn. T. M. Co. v. Heipler, 49 Minn. 395, 52 N. W. 33; 30 Cyc. 38.

It is also contended on behalf of appellant that he had a right to cross-examine Brozich, the former cashier. The right to call an officer of a corporation for cross-examination must be determined as the situation exists at the time of the trial. There is no right to cross-examine one not an officer at the time of the trial though he might have been an officer at the time of the transaction. Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663.

Affirmed.