# P. S. JOHNSON v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.[1]

July 13, 1928.

No. 26,742.

**Agent of defendant railway had authority to employ plaintiff during strike.**
1.   The evidence justified the jury in finding that the district master car builder of defendant railway company at Winona, Minnesota, in charge of more than 500 workmen, with his superior at Chicago, possessed authority during the emergency of a strike to employ plaintiff to do the additional work then required of him and to agree to compensate therefor.

**Cross-examination of defendant's agent under § 9816 by plaintiff permitted.**
2.   There was no error in permitting said district master car builder to be called by plaintiff for cross-examination, even though not occupying the same position as during the strike, it being made to appear that he still occupied a responsible position in the employ of the defendant.

**Statements of employing agent admissible.**
3.   Statements made by the district master within the scope of his employment in his dealings with plaintiff touching this additional work *held* properly received.

**Unargued assignments disregarded.**
4.   Error assigned upon a portion of the charge but not discussed in the brief will not be considered.

**Amount of verdict not excessive.**
5.   The verdict is not excessive.

Agency, 2 C. J. p. 956 n. 86.
Appeal and Error, 4 C. J. p. 1068 n. 22.
Evidence, 22 C. J. p. 390 n. 89.
Master and Servant, 39 C. J. p. 202 n. 25; p. 214 n. 74.
Witnesses, 40 Cyc. p. 2472 n. 17.

[1]Reported in 220 N. W. 602.

Action in the district court for Winona county to recover compensation for services rendered. There was a verdict of $767 for the plaintiff, and defendant appealed from an order, Finkelnburg, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Brown, Somsen & Sawyer, R. L. Kennedy, W. T. Faricy,* and *P. J. McGough,* for appellant.

*Webber, George & Owen,* for respondent.

HOLT, J.

Defendant appeals from the order denying its motion in the alternative for judgment or a new trial, there having been a verdict for plaintiff.

Plaintiff held the position of stenographer in the office of Henry Marsh, the district master car builder of the Madison, Minnesota and Dakota divisions of defendant's railway lines, when on July 1, 1922, a strike of the 500 or 600 men employed under him occurred. Plaintiff's salary as stenographer was $95.66 per month. Mr. Marsh was also provided with a chief clerk, drawing a salary of $167.75 per month. When the strike took place the chief clerk was sent elsewhere, and Mr. Marsh designated plaintiff as acting chief clerk, in which capacity he served during the continuance of the strike. Plaintiff claims he was promised the salary of chief clerk, and also ten dollars additional per day, the same as was being paid certain foremen who remained faithful in the service and performed extra hours of labor during the strike. Although the larger salary was placed upon the payroll as made up in the Winona office, the headquarters of Mr. Marsh, the head office of defendant at Chicago failed to remit pay checks to plaintiff in the amounts specified upon the payroll, nor did his pay checks include any for the extra service rendered. When plaintiff called Mr. Marsh's attention to this, the latter assured him that the promised compensation would be paid as soon as the turmoil due to the strike subsided. It was not done, and this lawsuit resulted, with a verdict in favor of plaintiff for the balance due as acting chief clerk and for the

promised compensation for the additional or extra work, in all amounting to $767 and interest.

Defendant assigns error on the refusal to direct a verdict in its favor and on the refusal to grant its motion for judgment notwithstanding the verdict, the contention being that no authority was shown in Marsh to employ plaintiff as acting chief clerk or to fix his compensation therein or to employ him to do extra work and promise to pay additional therefor.

Marsh had some over 500 men under him. He had authority to employ men in his department and assign them to their work. His power to employ a stenographer and chief clerk was admitted. But he testified he acted subject to the approval of the superintendent of the car department of defendant at Chicago. However he did not, previously to employing any men, communicate with the superintendent for permission or direction. It is obvious that the jury had ground for finding authority both from his testimony and from the position he held. In the nature of things, with more than 500 men under him, with his superior more than 300 miles away, he would have to possess authority to hire and discharge help. Add to that the emergency created by a strike disrupting the business of a corporation engaged in public service. There was abundant room for, finding that defendant had invested Marsh with at least apparent authority to assign plaintiff to do the work he did do and to arrange to pay a not unreasonable compensation during the emergency.

Error is claimed because Mr. Marsh was permitted to be called by plaintiff and cross-examined. Had he, at the time of the trial, held the same or an equal position in defendant's employ that he did in July, 1922, plaintiff would have had the right, under G. S. 1923, § 9816, to call for cross-examination. Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663; First State Bank v. Seliskar, 169 Minn. 321, 211 N. W. 163. But when called Mr. Marsh, though still in defendant's employ in a responsible position, was two notches lower in rank than in July, 1922, being only foreman of the car department at Antigo, Wisconsin. Had he been

promoted to the head of the car department it could not well have been claimed that plaintiff would have been precluded from calling him for cross-examination. Again, had he occupied, at the time of the trial, a very inferior place in defendant's employ, such as an ordinary laborer, it would be manifest that the statute was not intended to permit his cross-examination, even though we have held that it is a remedial statute to be applied with reasonable liberality. Bennett v. E. W. Backus Lbr. Co. 77 Minn. 198, 79 N. W. 682.

Where the witness was a managing agent of the litigant's business at the time involved and, whether demoted or promoted, he still holds a high position of responsibility and authority with such litigant, the adverse party may properly call him for cross-examination under the statute. Whether he occupies such a position that he may thus be called and examined is, in the first instance, for the trial court. Besides, in the case at bar the trial court excluded conclusions, and required questions to be so framed that only facts were called for. It has been held that, even if the court errs in permitting a witness to be called for cross-examination, it will not result in reversal unless appellant points out that he was thereby prejudiced. Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507; Allen v. Eneroth, 118 Minn. 476, 137 N. W. 16; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663. There is nothing in Mr. Marsh's testimony of which the defendant may justly complain. While apparently candid, he took pains to have his answers so framed as to express nothing detrimental to the defense of his want of authority to employ plaintiff or to promise payment therefor. The court held plaintiff, in the questions put to Marsh, very closely to the rules ordinarily governing the examination in chief of his own witness. May v. C. M. & St. P. Ry. Co. 147 Minn. 310, 180 N. W. 218, is not in point. The engineer of the train could not be considered a managing agent of the railway company. Defendant also called Mr. Marsh as its witness, and as such his testimony was not substantially different from that given when called for cross-examination by plaintiff.

We are of the opinion that the statements of Mr. Marsh to plaintiff, testified to by the latter, were admissible as made within the

scope of his employment and in the conduct of defendant's dealings with plaintiff, and come well within the rule and limitations stated in Longman v. Anderson, 160 Minn. 15, 199 N. W. 742, and the cases therein cited. The other rulings at the trial require no discussion.

Error is assigned upon a portion of the charge, but the brief contains no argument or discussion relative thereto, and we are unable to see any legal fault therein.

The size of the verdict is not such as to give rise to the charge that the jurors were moved by passion or prejudice.

The order is affirmed.