## STEVE ADAMS v. FARMERS STATE BANK OF OLIVIA AND OTHERS.[1]

December 21, 1928.

No. 27,031.

[1]Reported in 222 N. W. 576.

See note in 35 L.R.A.(N.S.) 461; 3 R. C. L. 556; 6 R. C. L. Supp. 187.

*D. F. Nordstrom,* for appellants.

*Daly & Barnard,* for respondent.

HOLT, J.

The appeal is by Farmers State Bank of Olivia and A. J. Veigel, commissioner of banks, who has taken over the institution as insolvent, from an order denying them a new trial after findings in favor of plaintiff.

The action was brought on the theory that the officers of the bank, a few days before its doors were closed, wrongfully enriched the bank by money belonging to plaintiff which was part of the assets of the bank when the commissioner of banks took charge. The court found in substance that defendants C. A. Kuske and Nat C. Kuske were the officers and active managers of the bank and, together with defendant Louis J. Kuske, were the owners of the majority capital stock thereof. Defendant Lenz was assistant cashier. The defendants Kuske were partners doing business under the name of Farmers Shipping Association. On April 21, 1926,

plaintiff was the owner of 41 hogs, and employed the association to ship and sell the hogs for him at the Union Stock Yards, South St. Paul, and the association did carry and sell said hogs for $1,197.14 net, after deducting expenses and commissions. The association did not deliver said sum to plaintiff, but without authority from plaintiff and in collusion with the bank caused the money to be deposited to its credit in the bank, well knowing that it was then insolvent, and fraudulently transferred said sum from the account of the association to the apparent checking account of plaintiff. On April 24, 1926, when plaintiff applied for and demanded the proceeds from the sale of the hogs the bank fraudulently concealed from him what had been done with said funds and represented that the same had been remitted to him by mail. The court also found:

"That defendant bank wrongfully and fraudulently deposited said funds in the bank to the credit of plaintiff and tortiously used the sum of $1,131.86 thereof to augment the general assets of said bank, and that plaintiff never ratified the acts of said Shipping Association or of said bank in so depositing the funds in said bank."

On April 29, 1926, the commissioner of banks took over the bank as insolvent, and thereafter plaintiff made due proof of his claim to said funds and seasonably demanded the payment thereof as a preferred claim. The conclusions of law were that as to said fund the relation of debtor and creditor between the bank and plaintiff was not created, that the bank received and held the fund without warrant of law, and therefore the fund did not become the property of the bank notwithstanding the fact that the same was used by the bank to increase its general assets.

Appellants objected to Louis J. Kuske's being called by plaintiff for cross-examination under the statute. He was a party to the action, though in default of an answer. But the action as to him being for fraud, judgment could not be entered against him without proving the cause of action alleged, and for that purpose he was properly called. Moreover, no exception to the ruling was preserved

or assigned in the motion for a new trial. To the calling of Nat C. Kuske for cross-examination these appellants made no objection. Moreover, he was still an officer of the bank and subject to be called for cross-examination, and not within the rule of Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663, or First State Bank of Ely v. Seliskar, 169 Minn. 321, 211 N. W. 163. Appellants are in the same position in respect to the cross-examination of Lenz, the assistant cashier. There is an assignment of error upon the refusal to strike the testimony of one Williams as immaterial. It is not argued in the brief, and we might well pass it without comment. However it is clear that there was no error here. Plaintiff sought to prove the insolvency of the bank and knowledge thereof on the part of Kuskes and Lenz when plaintiff's check was indorsed and deposited. Besides testifying to his futile efforts to collect from the bank $14,000 of his funds wrongfully withheld, Williams had also testified to an admission of Kuske that the bank was not able to pay it.

The vital findings above quoted are based upon the truth of plaintiff's testimony and the rejection of that adduced in favor of appellants. He testified that when the hogs were received for shipment and sale it was agreed that he was to come to the bank the following Saturday and receive the check or proceeds therefor. He came and was told that the same had been mailed to him. He claimed that he had not authorized the same to be deposited in the bank or given anyone the right to sign his name for or indorse any check representing the proceeds. Lenz, the assistant cashier in the bank, indorsed plaintiff's name upon the check Louis J. Kuske drew in favor of plaintiff against the proceeds from plaintiff's hogs, which the latter had deposited in the bank to the credit of the shipping association's checking account. Lenz did not testify that plaintiff in this instance had authorized this to be done, but from former transactions assumed that plaintiff so desired. The prior transactions proved to be only one shipment where plaintiff gave a check for a part of the expected proceeds and directed Lenz to deposit the latter when received to meet the check which was left with Lenz to deliver to the payee when the deposit was made.

We think the trial court was justified in finding that plaintiff's money, by the unauthorized and wrongful act of an officer of the bank, went to swell its assets as taken over by the commissioner, and became a trust fund, entitled to a preference under such decisions as Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052; Pierson v. Swift County Bank, 163 Minn. 344, 204 N. W. 31; Blummer v. Scandinavian Am. State Bank, 169 Minn. 89, 210 N. W. 865. Among the cases from other jurisdictions bearing on the proposition may be cited Page County v. Rose, 130 Iowa, 296, 106 N. W. 744, 5 L.R.A. (N.S.) 886, 8 Ann. Cas. 114; Patek v. Patek, 166 Mich. 446, 131 N. W. 1101, 35 L.R.A. (N.S.) 461; Capitol Nat. Bank v. Coldwater Nat. Bank, 49 Neb. 786, 69 N. W. 115, 59 A. S. R. 572. The opinions in the Iowa and Nebraska cases contain extensive citations of authorities.

But appellants insist that plaintiff ratified what Lenz had done, in that when he found that a deposit slip had been mailed him instead of the proceeds of the shipment he drew a check for $1,000 upon the bank. The evidence is not clear as to why or when he did this. It does not appear that this check was presented to the bank. It was for the trial court to determine upon all the evidence whether plaintiff ratified the unauthorized act of Lenz. The evidence shows that Louis Kuske solicited the shipment of plaintiff's hogs; that Nat C. Kuske knew of the shipment; that the bank was in financial distress; and that those interested in the shipping association were deeply interested in the bank. These were side-lights which the learned trial court could avail himself of in determining the vital facts in the case. Whether the shipping association was a partnership and who were the partners is unimportant. The family relation of the three Kuskes and their individual interest in the success of both the association and the bank is apparent.

The order is affirmed.